# FRANKLIN COUNTY.

## JANUARY TERM, 1835.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
    "    " SAMUEL S. PHELPS, ⎫
    "    " JACOB COLLAMER, ⎬ *Assistant Justices.*
    "    " JOHN MATTOCKS, ⎭

FRANKLIN,
*January,*
1835.

### STATE TREASURER *vs.* TIMOTHY FOSTER.

*Scire facias* on a judgment, to procure execution against the party to said judgment, is not an original suit, but a continuation of the former action.

The execution thereby procured is an execution on the former judgment.

This was a *scire facias* against the defendant, as the bail of Shiverie Holmes, sheriff of the county of Franklin in the year 1821. The declaration, after setting out the appointment of said Holmes in 1820, and the entering into the bond of recognizance by the defendant, in common form, proceeded to allege the recovery of a judgment in favor of the plaintiff, the issue of execution thereon, the delivery thereof to said Holmes, and his neglect thereon, in 1821. It then alleged the commencement of an action and recovery of a judgment, by the plaintiff, against said Holmes, for said neglect in 1821. It further alleged, the said judgment remaining unsatisfied, the plaintiff, in 1826, sued out a *scire facias* against said Holmes, and procured execution thereon in 1832, which was duly issued, and legal return had thereon, of *non est inventus* and *nulla bona*; and then calls on the defendant to show cause why execution therefor should not issue against him. To this there was a general demurrer and joinder.

*Hunt and Beardsley for the defendant.*—1. The defendant insists, this action cannot be maintained. The judgment which the plaintiff seeks to enforce by this action is not a judgment rendered for the neglect of the sheriff. The execution which issued on that judgment was not *non ested*, but suffered to run out.

2. The *scire facias* brought against Holmes, as set forth in the declaration, had no other effect than an action of debt, brought on the same judgment.

FRANKLIN,
January,
1835.

Treasurer
vs.
Foster.

*The State's Attorney for the plaintiff.*

The opinion of the court was delivered by

COLLAMER, J.—The statute provides, where a judgment has been obtained against a sheriff for a default or neglect of official duty, and an execution issued thereon, on which there is a return of *non est inventus,* or a commitment to prison, then a *scire facias* may be sustained against the bail of the sheriff. It is on that statute this action is founded ; and inasmuch as it appears by the declaration, that after the judgment was obtained against the sheriff, it lay unexecuted several years, and then a *scire facias* was sued out thereon against said sheriff, execution issued, on which there was a return of *non est inventus;* the question now is, was there an execution issued on the judgment against the sheriff for neglect, or did it issue on a different and independent judgment. In other words, was the *scire facias* against Holmes an independent or separate action, or is it but a continuation and part of the former suit ?

*Scire facias* is a generic term, and includes proceedings of two distinct classes. First, those cases which are in nature and in fact original actions, such as *sci. fa.* to set aside letters patent, on recognizances of various kinds and these cases in our statute, against sheriff's bail, &c. Secondly, *sci. fa.* on a judgment against parties, or previous thereto. These are not original suits, but merely ancillary. It is used when there is a death between interlocutory and final judgment, or a marriage has intervened. Such are clearly but parts of the former suit. In 1 T. R. 383, where *scire facias* was brought because the defendant died between the execution and return of the writ of inquiry, the court say, " this is not a new action, but a continuation of the old one."

Under which of these classes belongs the *scire facias* on a judgment, after a year, against the judgment debtor ? By the ancient common law, *sci. fa.* could not issue on judgment in a personal action. It was always debt. In real actions, *sci. fa.* issued, because debt could not be sustained for the land, in kind. By stat. West. 2, (13 Edw. 1,) *sci. fa.* was extended to personal actions ; and as thus anciently modified, the law has come down to us. The law presumes the judgment is in some way arranged in a year, and will not suffer an execution to go. *Sci. fa.* is issued

<div style="float:left; margin-right:1em;">

FRANKLIN,
January,
1835.

Treasurer
vs.
Foster.

</div>

for the debtor to show cause why execution should not issue; and and if no cause is shown, judgment passes that the plaintiff have execution. In short, it is but a process to procure execution *on the former judgment*.

"When brought to revive a judgment, after a year and a day, it is but *a continuation of the original action*."—2 Arch. Pra. 76.

"Upon a recognizance, a *scire facias* is an original proceeding; but upon a judgment, it is only *a continuation of the former suit*." Tidd. Prac. 983.

The result is, that execution did issue on the judgment against Holmes for his neglect.

            Judgment, that the declaration is sufficient.