Mr. Justice Scott delivered the opinion of the Court. During the present term, we have held that our statute of Discontinuances did not apply to a proceeding by scire facias to revive a judgment, (Greer and Adams vs. The State Bank,) and this case presents the question, whether or not this proceeding is within the statute of limitations. Dig., p. 698, ch. 99, sec. 16. The term “ all actions,” in this section of the statute, is gene-rical and comprehensive; and when such words are used in a statute like this; which takes away a remedy, they may, with propriety, be held to include more than when used in an enactment which might confer a remedy, because of that principle of the common law consecrated by our Bill of Rights, that no man shall be ousted of his trial by jury by mere implication, which would have no place in the construction of a statute prohibiting suits after the expiration of a given period. Nevertheless, in the view we take of this question, this principle can have no influence; because, from the time of the case in Telverton 218, where it was said that “ after the judgment in the sci.fa., the first judgment and the execution on the scire facias make but one record,” through that of those in 1 Term R. 388 (Wright vs. Nutt) and 8 Taunton 434 (Boddely vs. Shafto), the first of which was a revival of an interlocutory judgment and the latter a final one, the Courts, both of England and the United States, seem to have held, with great uniformity, that scire facias on a judgment to procure execution against a party thereto is not an original suit, but a continuation of the former action, and that the execution thereon is an execution on the former judgment. (Treasurer vs. Foster, 7 Verm. 52. Wolf vs. Pounsford, 4 Ham. (Ohio) R. 397. McGill vs. Perrigo et al., 9 John. R. 259. 1 Chit. Pl. (10 Amer. Ed.) 269. 2 Saund. Rep. 71a, n. 4. Tidd’s Pr. 983.) Consequently, it would seem that the statute of limitations could not apply, because, in this sense, the scire facias is but a part of the process of the original action, and not an action in itself, although it may be pleaded to, just like a plea, pleaded puisdar-rien continuance, may be replied to. And, besides this consideration, the ample provisions made by our statute of “Judgments and Decrees,” (Dig., ch. 93,) for entire satisfaction oí record of alhjudgments and decrees, when satisfied otherwise than by execution, completely hedges out all the identical mischief as to domestic judgments and decrees that the statute of limitations was ^designed to provide against by limiting actions at law. It is our opinion, therefore, that the Court erred in its judgment, and it must be reversed, and the cause remanded. Madden as ad. vs. Percifull, Conway vs. Byrd, Conway vs. Wood, and State, use, &c. vs. Alexander et al., went off under the decision in the above case.