EPHRAIM J. GIBSON *v.* HERSCHELL DAVIS.

A writ of *scire facias*, to enforce a judgment rendered against a trustee, is insufficient, if it be only alleged therein, that the plaintiff recovered a judgment against the defendant, as trustee. It should appear, for what the trustee was made chargeable.

A writ of *scire facias*, for the purpose of enforcing a judgment rendered by a justice of the peace, cannot be brought before another justice of the peace. It can only issue from the court, in which the judgment was rendered.

*Quære*, Whether *scire facias* can be sustained, to enforce a judgment that one is chargeable, as trustee, for a specific sum of money.

SCIRE FACIAS. It was alleged in the declaration, that the plaintiff, on the twenty third of January, 1846, commenced a suit before Simeon Leland, Esq., a justice of the peace, upon a promissory note, against one Clark, and therein summoned the defendant Davis as trustee of Clark; that the writ was duly served and returned, and the plaintiff recovered judgment against Clark for $15,37 damages, and $1,99 costs of suit; and that the plaintiff, by the consideration of said justice Leland, also " recovered judgment against said Davis, as the trustee of said Clark,"—without stating for what sum. The writ was signed by and made returnable before Oren Locke, a justice of the peace; and the suit came to the county court by appeal. The defendant demurred; and the county court rendered judgment, that the declaration was insufficient. Exceptions by plaintiff.

*Washburn & Marsh* for defendant.

*H. E. Stoughton* for plaintiff.

The opinion of the court was delivered by

BENNETT, J. We think the declaration is clearly insufficient. The defendant is not, as appears from the record, as set up in the declaration, fixed with any debt, duty, or obligation, as trustee, by the judgment of Justice Leland, upon which a *scire facias* could be properly grounded. All that the record shows is, that the plaintiff recovered a judgment against the defendant, as the trustee of Clark.

It should appear, for what the trustee was made chargeable. Without this, there can be no certainty in the judgment, or the declaration.

Besides, a writ of *scire facias* is a judicial writ, and issues only from the court, in which the judgment was rendered; and it is not regarded as an original suit, but is, in one sense, a continuation of the former action; and when an execution is obtained, it is for the purpose of executing the original judgment. I am not aware of any statute provision, which will authorize the enforcing of a judgment rendered by one justice of the peace, by means of a *scire facias* brought before another justice; and none has been referred to by counsel, upon which they have relied.

In the case of *Rice et al.* v. *Talmadge & Tr.*, 20 Vt. 378, where the trustee had been adjudged chargeable for specific articles of property, it was held, that such a determination could not serve as a foundation for a *scire facias* in favor of the creditor against the trustee, and that the only mode, in which such a judgment can be enforced, is that pointed out by the statute. We have no occasion to decide the question, whether a judgment could be enforced against a trustee by a *scire facias*, in a case where he had been adjudged chargeable for a specific sum of money,—though I apprehend, there would be found some difficulties in the way of such a proceeding.

The judgment of the county court is affirmed.