## OLIVER P. CHANDLER *v.* AMOS W. WARREN.*

*Debt on a judgment against a trustee. Action.*

An action of debt can be maintained on a judgment against a trustee, for a specific sum of money payable *in presenti.*

Under the act of 1855, entitled "an act relating to the bringing of suits ' (acts of 1855, no. 6. page 10),** the assignee of a judgment might bring an action of debt thereon, in his own name.

DEBT upon a judgment. The declaration set forth that one Britnell, at the June Term, 1851, of the supreme court in Windsor county, recovered a judgment against Amos Warren and Paul Howe, for three hundred and fifty-eight dollars and sixty cents debt, and one hundred and seventy-two dollars damages, and fifty-two dollars and eighty cents costs; and also recovered judgment in the same suit against the defendant Amos W. Warren, who was summoned therein as trustee of Amos Warren, in the sum of eight hundred and fifty-one dollars and sixty-one cents, " as by the record thereof, now remaining in said court, appears;" and that this judgment had not been satisfied, but was still in force, etc.

The declaration also set forth that Britnell, on the 5th of April, 1847, for a valuable consideration, sold and transferred to the plaintiff all his interest in the demand upon which the said suit of *Britnell* v. *Warren and Howe and trustee,* then pending, was brought, and upon which the aforesaid judgment was obtained, and that the plaintiff thereby became, and ever since has been the sole owner of this demand, as well as the judgment thereon rendered.

Plea, *nul tiel record*; replication, that there is such a record; and trial by the court, at the December Term, 1857,—REDFIELD, CH. J., presiding.

Upon trial, the plaintiff gave in evidence the record described in the declaration. The county court adjudged that there was not such a record as was averred in the declaration, and rendered judgment for the defendant, to which the plaintiff excepted.

---

*REDFIELD, CH. J., having presided at the trial below, did not sit in this case.

** Repealed in 1856.

*Washburn & Marsh,* for the plaintiff.

1. The judgment, upon which the declaration counts, was rendered upon sec. 44, of chap. 32, of the Com. Stat., and possesses all the elements of a judgment at common law, which may be enforced by execution, action of debt, or *scire facias.* It was for a sum of money *in solido,* to be paid *in presenti,* and to be enforced by the terms of the statute, by writ of execution. The statute terms it a judgment, and the execution which issues must recite a judgment. The execution in the hands of the sheriff, possesses all the incidents of an execution upon any common law judgment. And the judgment is conclusive between the parties, as the evi_ dence of a debt; *Burns* v. *Belknap,* 22 Vt. 424; and unless it can be enforced by action of debt, or *scire facias,* the judgment creditor is without remedy, after the expiration of the time for issuing execution.

This view is sustained by the case of *Gibson* v. *Davis,* 22 Vt. 344, and is not contradicted by the case of *Rice* v. *Tallmadge,* 20 Vt. 378, where the only point in judgment was, whether *scire facias* would lie, where a trustee under the statute of 1797, had been adjudged chargeable for specific property.

2. And the suit is properly brought in the name of the plaintiff, under the statute of 1855 (acts of 1855, p. 10), and is preserved by the proviso to the repealing statute of 1856 (acts of 1856, p. 3).

*S. Fullam,* for the defendant.

The case of *Rice & Mower* v. *Tallmadge & Warren, Tr.,* 20 Vt. 378, fully sustains the decision of the court below.

Under the plea of *nul tiel record,* the defendant has a right to insist that there is no such record as will entitle the plaintiff to recover. In reality this is the substance of the plea.

The opinion of the court was delivered by

BARRETT, J. This case presents the important and somewhat novel question, whether an action of debt can be maintained on a judgment against a trustee, for a sum of money payable *in presenti.*

In several cases, the subject of proceedings, to enforce judgments against trustees, has been before the court, and in various aspects under the then existing laws, it has been adjudicated by the

court and discussed by the judges in drawing up the opinions.

The case of *Rice et al.* v. *Tallmadge and trustee*, 20 Vt. 378, arose under the law of 1797. In that case it was well held, that as no steps, required by the law, had been taken to charge the trustee personally, or the property in his hands, and no proper service had been made on the principal debtor, *scire facias* could not be maintained to revive the judgment, either as against the trustee or debtor. Having disposed of the case under two conclusive views, the learned judge who delivered the opinion, proceeds to express some general views entertained by him on the subject of *scire facias*, on a judgment against a trustee in any case. That expression was in no way called for by the case itself, or by any point made in the argument. He therein refers to the case of *Clark* v. *Twombly et al.*, cited by Judge BENNETT, in *Sawyer et al.* v. *Vilas*, 19 Vt. 43, which case arose under the law, as it was prior to the act of 1842, wherein the only mode of reaching a trustee, who refused to pay the amount for which he had been adjudged trustee, whether payable *in presenti* or *in futuro*, was by an action on the case. Under the law, as it then was, it is quite clear that the adjudication against a trustee, under the original process, could not be regarded as a judgment creating a debt, in its common law sense. It was not conclusive nor final, either in favor of the creditor, or against the trustee, or against the debtor. Its efficacy depended on the result of subsequent litigation in an independant suit, predicated on the trustee's refusal to pay the amount for which he had been adjudged trustee.

In *Gibson* v. *Davis*, 22 Vt. 374, *scire facias* against a trustee was held untenable on account of defects inherent in the writ, as well as for the reason that it was brought in an improper forum.

The court, in that case, expressly refrain from deciding, whether *scire facias* would lie against a trustee on a judgment charging him for a specific sum of money; suggesting that some difficulties would be found in the way of it.

In the case now at hand, the subject, with its suggested difficulties, is directly presented.

Under the law now existing, and as it was when the original process was taken against the present defendant, under which the judgment now declared on was rendered, execution may issue

directly against the property and effects of the trustee, as fully, to every intent and purpose, as against the principal debtor. This would seem to indicate that the law regarded the judgment against the trustee both conclusive and final, as between him and the creditor. It vested in the creditor the absolute right to have and collect of the trustee, by effective and uncontrolable final process, the amount fixed by the adjudication against him, not exceeding the amount of the judgment recovered against the principal debtor. This is obvious, and must be conceded. This, upon the most obvious principles, would fix the *duty* of the trustee to pay that amount to the creditor. This duty is the touchstone and test of the legal character of the claim, as between the creditor and trustee. It is a *debt*, to every intent, evidenced by the record of the court authorized to make the adjudication and enforce it by final process.

This duty exists till discharged by payment made by the trustee, or the judgment against the principal debtor is otherwise discharged.

What difficulties, arising either from principle, or analogies, encounter these views? It was said and urged in argument, that in case of several trustees, the creditor might, if allowed to maintain an action of debt in such cases, be prosecuting and obtaining judgments against the principal debtor, and against each of the trustees for the full amount of his debt, and by execution, might collect it several times over. Now it is obvious that this suggestion is equally an objection against the 44th section of the trustee law itself. That authorizes the issuing of executions directly, and in the first instance, against the trustee, as well as against the principal debtor. The creditor may hold and use all, or any of the executions thus issued, to every intent that he could executions obtained by actions of debt against each of said trustees.

It seems quite clear that under the provisions of said 44th section, the judgment against the trustee, becomes a security to the creditor, in the character of an independent collateral security, and rightfully to be held and enforced in satisfaction of the original and principal debt. It seems difficult to present a reason against permitting a creditor to enforce that security as against a trustee, that does not equally lie against permitting him to prosecute, by independent and several suits, collateral securities to final judgment and execution, and to enforce one or all, till he obtain satisfaction

84

of his principal debt. When such satisfaction shall have been obtained, his right further to hold or prosecute the securities would cease, and they would revert to the party originally entitled.

To hold that an action of debt can not be maintained on such a judgment as that on which this suit is brought, would seem to lead to results of more difficulty to reconcile with legal principle and analogies, as well as with common notions of justice, than can accrue from holding that it can be maintained. It is easy to conceive of cases in which a trustee might avail himself of his position, between the creditor and debtor, to enjoy a perpetual exemption from paying to either. The debtor could not enforce the claim, because the creditor's right, under the trustee process, is fastened upon it. The creditor could not enforce it, because, though his right is not discharged or satisfied, still, execution not having been taken out and enforced, the law gives him no available action. The provisions in the 43d section do not relieve the matter, for the action on the case there provided would not lie, unless there had been a demand made on the trustee by the officer holding the execution. Such demand would, in many instances, be effectually prevented by the trustee placing himself beyond the precinct. Even in case lawful demand should have been made, if the trustee, before an action on the case should be brought, should leave the state, how then would the creditor's right be enforced? By action on the case under the 43d section? It might be difficult to transport our statutes into another state for such a purpose. But, assuming that such an action might be maintained in another state, what would be the evidence of the creditor's right? Certainly not the record of the judgment rendered here; for it is not a judgment by the hypothesis. It is only an incidental and inchoate proceeding, by which a lien is created, not an absolute right established. It would thus stand as a matter of original cognizance, open to contestation at all points and upon all grounds.

We think the legislature intended to put the cases provided for in the 44th section, upon the ground that the judgment against the trustee should be final and conclusive, as between the creditor and the trustee.

This is but definitely announcing what is involved in, and implied by the decision of this court in the case of *Burns* v. *Belknap,* 22

Vt. 424, and of the court in Maine, in *Adams* v. *Rowe*, 11 Maine 39. These 'were actions of debt on judgments against trustees, under statutes making such judgments the same, in principle and effect, as the statute of this state.

The 43d section remains in force for all cases to which it is applicable; and, for one, I have no doubt, that if the requisite demand had been made, the plaintiff might have brought and maintained his action on the case, if he had chosen to do so.

It seems clear that the legislature intended to put a judgment against a trustee, for a specific sum of money, payable presently, on a different ground from other judgments against a trustee; and by providing for final process directly against the trustee on such judgment, it is obvious that it must be regarded as a judgment creating a debt *in presenti*, that may be enforced by a suit counting on the record.

This view disposes of the question as to Chandler's right to sue in his own name, under the statute of 1855. The declaration sets forth the sale and assignment to him of the whole claim, and all the securities, rights and remedies thereto pertaining, while the original suit, in which this judgment was rendered, was still pending. This judgment against the defendant, as trustee, as well as that against the principal debtors, was, when rendered, the property of the present plaintiff. We think he had a right to bring this suit in his own name, under that statute.

. The judgment of the county court is reversed, and judgment is rendered by this court for the plaintiff to recover the amount of the original judgment against the debtors, with interest thereon to the present time.