MOSES E. HOWARD *v.* RANDALL & DURANT.

*Scire Facias. Administrator. Pending Suits.* R. L. ss. 843, 1443, 2130, 2141.

A *scire facias* on a judgment is an action within the meaning of the statute—R. L. ss. 1443, 2130—and the administrator of one of two defendants against whom such action was pending at the time of the intestate's decease and on whose estate commissioners had been appointed, cannot be made a party defendant. The cause can proceed only against the surviving defendant.

SCIRE FACIAS to revive a judgment, returnable to the Washington County Supreme Court, May Term, 1885.

The facts are sufficiently stated in the opinion.

*J. A. Wing,* for the plaintiff.

*L. L. Durant, pro se.*

*Heath & Willard,* for the administrator of Randall.

The opinion of the court was delivered by

Ross, J.   This is an action of *scire facias* on a judgment. After service upon both defendants, and before the return of the writ into court, the defendant Randall died. The writ issued as an attachment agreeably to sec. 843 R. L. Real estate of each defendant was attached. On the return of the writ leave was granted to cite in the adminis-

trators on Randall's estate to show cause why they should not be made defendants. They now appear and object to being made parties, and show that commissioners have been appointed on the estate of Randall, and contend that the suit is thereby discontinued against the estate and property attached by virtue of secs. 2129, 2130 R. L. The first section inhibits the commencement or prosecution of any action or suit against the executor or administrator except actions of ejectment, or actions for the recovery and possession of real estate, and actions of replevin; and the last section provides that all such actions and suits pending against the deceased person, or against the executor or administrator, at the time the commissioners are appointed, shall be discontinued, and the property attached thereon shall be discharged from the attachment. By sec. 2141 it is provided that in an action, the cause of which survives, and in which there are several plaintiffs or defendants, and any of them die before final judgment, the death of such party shall be suggested upon the record, "and the action shall proceed at the suit of the surviving plaintiff, or against the surviving defendant." If scire facias under our statutes is an action or suit the provisions of the statute named control, and the administrators of Randall's estate cannot properly be made parties. The defendant Durant contends that it is not an action or suit, and only an ancillary proceeding in the original suit to procure an execution, and he cites and relies upon State Treasurer v. Foster, 7 Vt. 52. In that case it is held that scire facias on judgment against the sheriff to bring in his bail as a party to the record is not an original suit but merely ancillary and clearly but part of the former suit.

Whether the statute then, 1835, allowed the action to be commenced by attachment is not certain. The judiciary act of 1797, sec. 27, and Slade's Com. 1824, allowed the writ to issue only as a writ of summons. The first mention I find of the right to issue it as a writ of attachment is in the

Revised Statutes of 1839. Since the decision of *State Treasurer* v. *Foster, supra,* sec. 1443 R. L., which was enacted in 1842, became operative. That section reads: " In actions of *scire facias* commenced to revise or enforce the execution of a judgment the court shall, unless cause is shown to the contrary, render judgment in favor of the plaintiff for the amount of the original judgment with interest, and costs on the *scire facias.*" By this section such writs are denominated *actions* and the original judgment, instead of being allowed to stand to be enforced, *sua vigore,* is merged in a new judgment as completely as it would be in an action of debt upon the original judgment. As denominated in this section, *scire facias* falls within the exact language of sec. 2130 R. L. as a pending action, to be discontinued against the deceased person, or against the executor or administrator. Hence the administrators of Randall should not be made parties to this action, and the attachment of Randall's real estate upon the writ should be dissolved. When the writ issues as an attachment, to hold that such attachment is not dissolved by the appointment of commissioners, would introduce confusion into the now orderly settlement of estates, and confer upon a creditor, who held a judgment against an estate on which *scire facias* could be brought before commissioners were appointed, an unjust advantage over other attaching creditors of the estate. While their actions would be discontinued and the attachments thereon dissolved, his would not. While they would be compelled to share *pro rata* with the other creditors in the distribution of the estate, he would hold his attachment, and might obtain payment in full. No such advantage was ever contemplated by the law making power, nor do the different sections of the statute bear any such construction. Whatever, strictly speaking, may be the nature of *scire facias* on a judgment, at the common law, under our statutes it is an action or suit within sec. 2130 R. L. Nor do we think that the action abates against the defendant Durant.

By the express language of sec. 2141 R. L., it survives against him.

Let there be judgment dismissing the administrators of Randall's estate from the cause with costs, and that the cause proceed against defendant Durant. As he may wish to answer further, the cause as to him is continued.