FRED A. SLAYTON v. M. E. SMILIE, CLERK.

January Term, 1894.

*Scire facias.     Close jail execution.*

A judgment in *scire facias* under R. L., s. 1443, does not carry as an incident any right to a close jail execution which the original judgment may have had.

Petition for mandamus to compel the defendant, as clerk of the Washington County Court, to issue a certified execution. Heard upon an agreed statement of facts, which are fully stated in the opinion.

*T. R. Gordon* for the petitioner.

The *scire facias* revived the original judgment, and the defendant should issue the certified execution. R. L., s. 1443; Free. Judg., s. 442; Black. Judg., s. 498; 1 Free. Ex., s. 92.

*M. E. Smilie* for the defendant.

By his *scire facias* proceedings the petitioner obtained a new judgment without any certificate, hence he was not entitled to a close jail execution. *State Treasurer* v. *Foster*, 7 Vt. 52; *Hall* v. *Hall*, 8 Vt. 156; *Gibson* v. *Davis*, 22 Vt. 374; R. L., s. 1443.

ROSS, C. J.     The relator, at the September term of the Washington County Court, 1891, recovered judgment against Alonzo Redway, in an action of trover, for thirteen dollars and eighty-one cents damages and thirty-one dollars

and eighty-three cents costs. The court adjudged that the action arose from the willful act or neglect of the defendant, and awarded the plaintiff the right to take out a close jail execution against Redway. No execution was ever taken out. At the September term of the same court, 1893, more than a year and a day from the rendition of the judgment having elapsed, and no execution having been taken out, the relator brought *scire facias* on the original judgment in the form prescribed by the statute. This form was prescribed in 1787 and adapted to common law *scire facias*, where only an execution was desired and awarded on the original judgment. Such proceeding is only ancillary to the original judgment. *State Treasurer* v. *Foster*, 7 Vt. 52. Its office is to secure the right to take execution *on the original judgment* and to remove the bar of that right, raised by a year and a day having elapsed since the last execution was taken. On the writ, as thus limited at common law, no damages could be awarded; not even interest could be added to the damages and costs recovered in the original action. It was doubtful if the costs of the *scire facias* could be awarded. *Hall* v. *Hall*, 8 Vt. 156. The execution awarded and taken under the *scire facias* judgment described the original judgment, and issued only for the damages and costs of that judgment and the costs of the *scire facias* proceeding if allowable. Soon after the last named decision which was rendered in a case tried in 1836, R. L., 1443, was enacted in 1842. This changed the character of the judgment to be rendered on *scire facias* proceedings of this kind. It reads :

"In actions of *scire facias* commenced to revive or enforce the execution of a judgment, the court shall, unless cause is shown to the contrary, render judgment in favor of the plaintiff for the amount of the original judgment with interest and costs on the *scire facias*."

By this act the court is required to render a new judgment

for damages and costs, and the execution is for the enforce-
ment of the new judgment. The new judgment is not, as
in *scire facias* at common law, that the plaintiff may have
execution on the original judgment, but that he is to have
and recover a different amount of damages, an amount as-
certained by adding the costs to the damages in the original
suit, and deducting therefrom what has been paid or satis-
fied, if anything, and computing interest on the sum thus
found from the rendition of the original judgment. This
was so done in the *scire facias* suit under consideration.
The relator was allowed to take such judgment therein as
he was legally entitled to. He took a judgment thus made
up, in which the damages are fifty dollars and sixty-six
cents and costs twelve dollars and seventy cents. This
judgment merged the judgment in the original suit. No
execution on the original judgment describing the damages
and costs therein recovered would authorize or justify the
officer in collecting the damages and costs recovered in the
suit of *scire facias*. Much less would it do so if a part pay-
ment or satisfaction of the original judgment had intervened.
The execution must follow and correctly describe the judg-
ment. The execution which the clerk was authorized to
issue must describe a judgment rendered at the September
term, 1893, for fifty dollars and sixty-six cents damages and
twelve dollars and seventy cents costs, and not a judgment
rendered at the September term, 1891, for thirteen dollars
and eighty-one cents damages and thirty-one dollars and
eighty-three cents costs. Under this section of the statute
*scire facias*, in this class of that form of action, has been
changed from an ancillary to an independent action, as held
in *Howard* v. *Randall & Durant*, 58 Vt. 564. The clerk
was not authorized to issue a close jail execution to enforce
the judgment rendered on the *scire facias*.

*Petition dismissed, without costs, as per stipulation.*