## N. N. BETTS, CASHIER,

v.

## CHARLES JOHNSON AND TRUSTEES.

MAY TERM, 1896.

*Foreign judgment.   Power to confess.   Exhausted by first
judgment.   Scire facias.*

1.   While full credit is to be given in our courts to the judgments
of a sister state, whether the court rendering such judgment
had jurisdiction is always open to inquiry; and a personal
judgment upon a money demand entered without personal
service within the state, or a voluntary appearance, is in-
valid.

2.   The power contained in a note "to appear and confess judg-
ment," is exhausted by the confession of one judgment, and
does not extend to subsequent proceedings upon that judg-
ment.

3.   So when in Pennsylvania a judgment was entered against the
defendant, upon a note containing such a warrant, and sub-
sequently, without any notice, a second judgment was en-
tered in *scire facias* proceedings, for want of an appearance,
the second judgment being *quod recuperet*, such judgment
is not valid in Vermont.

4.   If such latter proceedings be viewed as simply *scire facias* for
an execution, they are not effective to remove the bar of the
statute of limitations as against a resident of Vermont in a
suit upon such judgment brought in Vermont.

Debt on judgment.   Heard upon general demurrer to the
declaration at the September term, 1895, Rutland county,
Ross, C. J., presiding.   Demurrer sustained and judgment
for the defendant.   The plaintiff excepts.

The plaintiff declared upon a judgment of the Court of Common Pleas for the county of Bradford in the state of Pennsylvania, entered January 15, 1895. The record showed that this judgment was rendered upon *scire facias* proceedings to revive a judgment obtained at the September term of said court, 1881, that no service was made upon the defendant, but that the prothonotary was directed to enter judgment against him "for want of an appearance," whereupon judgment was entered in the sum of seven hundred and fifty-four dollars and ninety-four cents, with interest from the date of the original judgment and cost of suit.

*F. G. Swinington* for the plaintiff.

The judgment of the Pennsylvania court entered in pursuance of the power contained in the note to confess judgment was as binding as though there had been personal service upon the defendant. *Bradee* v. *Brownfield*, 4 Watts. 475; *St. Bartholomew's Church* v. *Wood*, 61 Pa. 96; *Hageman* v. *Salisbury*, 74 Pa. 280; *Weaver* v. *Brenner*, 145 Pa. 299; *Colley* v. *Latimer*, 5 S. & R. 211; *Comper* v. *Anawalt*, 2 Watts. 490; *Warder* v. *Tainter*, 4 Watts. 270; *Chambers* v. *Carson*, 2 Wharton 9; *Same* v. *Same*, Ibid. 365; *Taylor* v. *Young*, 71 Pa. 81; *Tryon* v. *Munson*, 77 Pa. 250; *Murray* v. *Weigle*, 118 Pa. 159.

*Frank C. Partridge* for the defendant.

The judgment, having been rendered in Pennsylvania without personal service upon the defendant and without his appearance, is a nullity in Vermont. *Price* v. *Hicock*, 39 Vt. 292; *Prosser* v. *Warner*, 47 Vt. 667; *Nat. Bank* v. *Peabody*, 55 Vt. 492; *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *Logansport Gas Co.*, 19 Wall. 58; *Pennoyer* v. *Neff*, 95 U. S. 714; *Grover & Baker Co.* v. *Radcliffe*, 137 U. S. 287.

The *scire facias* proceedings in Pennsylvania were equivalent to an action of debt. The judgment of that court, upon which this suit is brought, was for the recovery of a certain sum and costs, not for the issuance of an execution. Black, Judgments, s. 499; Freeman, Judgments, ss. 443, 447; *Custer* v. *Dutterer*, 3 Watts & S. 28; *Kilburn* v. *Woodworth*, 5 John. 41; *Helper* v. *Davis*, 32 Neb. 556; *Robb* v. *Anderson*, 43 Ill. App. 575; *Crumlish, Admr.*, v. *Central Improvement Co.*, 38 W. V. 390; *Burns* v. *Belknap*, 22 Vt. 419.

TAFT. J.   A provision of the U. S. Constitution, (Art. IV., s. 1) declares that "Full faith and credit shall be given in each state to public acts, records, and judicial proceedings of every other state." It is the duty of the courts of this state to give full force and effect to such provision. It has been held by the Supreme Court of the United States, the final arbiter of such questions, *Grover* v. *Radcliffe*, 137 U. S. 287,

"That the jurisdiction of a foreign court over the person or subject-matter, enforced in the judgment or decree of such court, is always open to inquiry; that in this respect a court of another state is to be regarded as a foreign court; and that a personal judgment is without validity if rendered by a state court in an action upon a money demand against a non-resident of the state, upon whom no personal service of process within the state was made, and who did not appear."

The rule is not otherwise in Pennsylvania where the judgment in question was rendered. *Guthrie* v. *Lowry*, 84 Pa. St. 533; nor in Vermont. *Pierson* v. *Mudget*, (Ad. Co.) Jan. 1831 cited in *Newcomb* v. *Peck*, 17 Vt. 302; *Price* v. *Hickok*, 39 Vt. 292; *Prosser* v. *Warner*, 47 Vt. 667; *Bank* v. *Peabody*, 55 Vt. 492. In the case before us the plaintiff obtained judgment against the defendant in the state of Pennsylvania, August 13, 1881. It was entered under a power to confess such judgment, contained in the note upon which

the judgment was based, and had all the qualities and effect of a judgment entered on a verdict. *Church* v. *Wood*, 61 Pa. St. 96; *Hageman* v. *Salisbury*, 74 Pa. St. 280. *Scire facias* was twice issued with returns of *nihil* and on January 15, 1895, judgment against the defendant was taken, a prothonotary being directed to enter judgment for seven hundred fifty-four dollars and ninety-five cents, with interest and costs "for want of an appearance." The plaintiff declares upon this judgment in a plea of debt. This judgment was rendered upon a *sci. fa.* without service of process upon the defendant and without any appearance by him. By common law, after a year and a day, the plaintiff cannot, (with certain exceptions) take out execution upon a judgment, without reviving the judgment by *sci. fa.* 2 Bl. Com. 421; 2 Tidd's Pr. 994; *Porter* v. *Vaughn*, 24 Vt. 211. An action of debt on the judgment may be brought, but after a year and a day the only way of obtaining an execution is by a writ of *sci. fa.* to which the defendant may plead such matter as he has to allege, in order to show why process of execution should not issue. *Scire facias* is a judicial writ and, because the defendant may plead thereto, it is considered an action. *Grey* v. *Jones*, 2 Wils. 251; *Fenner* v. *Evans*, 2 Term 267; 2 Tidd's Prac. 1090.

*Scire facias* is generally to obtain execution on a judgment; the proceeding is ancillary to the judgment; it is not an original suit but a continuation of the former one; no damages are allowed nor were costs until 8 and 9 W. III. C. II; the judgment is that the plaintiff have execution and the execution issues on the original judgment. *State* v. *Foster*, 7 Vt. 52; *Hall* v. *Hall*, 8 Vt. 156; *Gibson* v. *Davis*, 22 Vt. 374. But by statute in this state the process now issues as a summons or attachment and the judgment is *quod recuperet*, and is entered as in debt on judgment. V. S., ss. 1061, 1685. *Howard* v. *Randall*, 58 Vt. 564; *Slayton* v. *Smilie*, 66 Vt. 197.

In Pennsylvania, while *sci. fa.* is generally to obtain exe-

cution and regarded as a continuation of the original suit and the plaintiff have execution of the original judgment, in many instances, it is, as stated in *Duff* v. *Wynkoop*, 74 Pa. St. 300, a substitute for an action of debt elsewhere, and the judgment on it is *quod recuperet*, etc., instead of a bare award of execution. *Hays* v. *Shannon*, 5 Watts 548. The trouble with the plaintiff's case is, at the time of the judgment in January, 1895, he treated the case as an independent action and took a judgment *quod recuperet* instead of an execution.

We hold that the warrant of attorney contained in the note in pursuance of which the original judgment was rendered, did not authorize the entry of the judgment declared upon, and that the judgment must be treated as rendered without notice and without appearance and of no validity as a judgment in this jurisdiction. The power contained in the note "to appear and confess judgment" was exhausted when the judgment of August 13, 1881, was entered. A warrant to appear for the defendant and confess judgment should not be given greater force and effect than a warrant to appear, and prosecute the action for the plaintiff, and at common law an attorney's authority only continued in force until judgment and a year and a day afterwards in order to have execution. He may sue out and pray the *sci. fa.* perhaps,

"But (per Holt, C. J., in *Burr* v. *Atwood*, 1 Salk. 89,) when the *sci. fa.* is returned then the plea commences, and a new warrant of attorney ought to have been entered, * * * for a warrant to appear in the principal action is no warrant to appear in the *sci. fa.* against the bail, because this is a new cause and a different record." See also 2 Tidd's Pr. 1090 ; *Herd* v. *Burstowe*, Cro. Eliz. 177 ; *Tipping* v. *Johnson*, 2 B. & P. 357 N. C.

The rule is the same in *sci. fa.* against the principal, for in all cases, it is in the nature of an action, for the defendant may plead any matter in bar of execution, as, for instance, a denial of the existence of the record or a subsequent satisfac-

tion or discharge.   A late case, *Owens* v. *Henry's Exr.*, 161
U. S. 642, in its main features is similar to the one before us.
Owens, in 1861 recovered a judgment against Henry in the
state of Pennsylvania ;  the latter then removed to Louisiana.
*Scire facias* and an *alias* were issued in 1866 with *nihil* returns
and  a  judgment was  entered  thereon and  like  proceedings
were had in 1871, the judgment at the latter time being enter-
ed "for want of an appearance on two returns of *nihil*."   Suit
was brought in Louisiana to  recover  upon  the  latter  judg-
ment.   The original judgment in that case and  in  the  one
before us, were both Pennsylvania judgments,  and  both
entered under a power to confess, or warrant of attorney, and
the two judgments sought to be recovered were both entered
upon *nihil* returns "for want of an appearance."   The only
distinction between the two cases that can be claimed is that
in the case before us the attorneys "for Plff. filed a paper
directing prothonotary to enter judgment," while in the case
referred to, no such direction appears.   As we hold that
the prothonotary was not authorized to appear for the de-
fendant and confess judgment, the cases are "on all fours"
with each other.

The case referred to is disposed of, by Fuller, C. J.,
giving the opinion as follows :

"Conformably to  the  exigency  of  the  writ,  the judg-
ment on *sci. fa.*, the  proceeding being  regarded  as  a
continuation  of  the  original action, usually  is that. plain-
tiff have execution of the judgment mentioned in the writ
with costs. Lilly's Entries, 398, 638 ; Chitty's Forms, (9th
Ed.) 635 ; Black, Judgm. s. 498.   But in Pennsylvania it
it is held that a *scire frcias* is in such wise a  substitute
in that state for  an  action  of  debt  elsewhere,  that  the
judgment should be *quod recuperet* instead of a bare
award of execution ; and hence, that a judgment on *scire
facias* cannot be avoided because  the  original  judgment
might have been. *Duff* v. *Wynkoop*, 74 Penn. 300 ; *Buch-
ler* v. *Buffington*, 43 Penn. 278 : *Conyngham Twp*. v.
*Walter*, 95 Pa. 85.   Accordingly the judgment of May 10,

1871, was a judgment for the recovery of the amount of the judgment of 1866, with interest added thereon to date, and the judgment of 1866 was a similar judgment on the original judgment of June 17, 1861.

"Viewed as a new judgment rendered as in an action of debt, it had no binding force in Louisiana, as Henry had not been served with process or voluntarily appeared. And considered as in continuation of the prior action and a revival of the original judgment for the purposes of execution, on two returns of *nihil*, it operated merely to keep in force the local lien, and could not be availed of as removing the statutory bar of the *lex fori*, for the same reason. *Thompson* v. *Whitman*, 85 U. S. 18 Wall. 457 (21, 897); *Pennoyer* v. *Neff*, 95 U. S. 714 (24, 565;) *Grover & B. Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287 (34, 670); *Steel* v. *Smith*, 7 Watts & S. 447; *Evans* v. *Reed*, 2 Mich. N. P. 212; *Helper* v. *Davis*, 32 Neb. 556."

It does not appear from the record, whether the defendant herein ever resided in Pennsylvania. In argument the counsel assume he resides in Vermont and we have so treated the question.

We do not trench upon the doctrine stated in *Weaver* v. *Brenner*, 145 Pa. St. 299 "that, if a judgment be confessed by an attorney, neither its regularity nor his authority can be questioned in a collateral action," for the question of the authority of the prothonotary appears upon the record and the warrant gave him no power to confess the judgment declared upon. In whatever view we look at the proceedings in Pennsylvania, the plaintiff is entitled to no relief, for if he stands upon the judgment entered in January, 1895, that is invalid as rendered without notice and without appearance, and if upon the original judgment, that is barred by the statute of limitations.

*Judgment affirmed.*