1833.

GRAFF
v.
KIP.

---

## Graff vs. Kip and others.

---

A revival of a judgment by *scire facias* creates no new lien. It merely makes an execution regular. After-judgments gain priority when the ten years have run out.

---

A question came up in this cause between two judgment-creditors in relation to a fund in court arising from real estate as to which had a preference.

The first judgment, in the supreme court, was docketted against Samuel Kip on the ninth day of June one thousand eight hundred and twenty, on behalf of Nicholas Fish, executor of Stuyvesant; and it was revived by *scire facias* in or about the month of February one thousand eight hundred and

*April* 30, 1833.

*Priority of judgments.
Scire facias.*

1833.

GRAFF
v.
KIP.

thirty-one. The other judgment, in the same court, was dock-etted on the ninth day of March one thousand eight hundred and thirty-one against the same party at the suit of Samuel Kip the younger.

The master reported that the judgment in favor of Mr. Fish ceased to be a lien upon the equity of redemption mentioned in the pleadings on the ninth day of June one thousand eight hundred and thirty as against incumbrances subsequent thereto ; and that the judgment recovered by Samuel Kip the young-er had preference and priority over the one obtained by Fish.

This point now came before the court on exception to the report.

Mr. *P. A. Jay*, for the exceptant, Fish.

Mr. *D. S. Jones*, in favor of the other judgment.

May 13.

The VICE-CHANCELLOR. The case of *Ex parte Peru Iron Company* , 7 *Cowen*, 540, settles this question. The observa-tions there made by Chief Justice *Savage* at page 553 are to be taken as more than a mere *dictum*. I have had a conver-sation with the Chief Justice ; and I find the court intended to decide, that a revival of a judgment by *scire facias* creates no new lien. The effect of it is merely to make the issuing of an execution regular ; and not to extend or change the nature of the lien as to the judgment itself. A plaintiff must take care to sell the lands of the defendant before the expiration of the ten years, in order to avoid the danger of other incumbrances intervening : or if he wishes to continue a lien without a sale, then he must have a fresh judgment docketted before other creditors come in and obtain judgments. *Little* v. *Harvey*, 9 *Wend.* 157.

In this case, the judgment obtained by Mr. Fish has lost its preference over the Kip judgment, notwithstanding the revival by *scire facias*.