Hendershott v. Ping.

HENDERSHOTT v. PING et al.

1. Judgment lien: EXPIRES IN TEN YEARS. A general judgment ceases to operate as a lien upon real estate, after the expiration of ten years from the date of rendition.

2. ———: MORTGAGE LIEN NOT MERGED IN JUDGMENT. But a judgment and decree of foreclosure does not merge the lien of the mortgage foreclosed. It is simply a means of effectuating and enforcing that lien, which continues until the debt is paid or discharged.

3. Limitation, statute of: MORTGAGE FORECLOSURE. It seems that our statute of limitations requiring actions founded upon written contracts, to be brought within ten years, applies to suits for the foreclosure of mortgages as well as to suits upon notes. But if it appears from the pleadings or testimony of the debtor that the cause of action still justly subsists, the statute does not apply.

4. Demurrer: WHEN ERROR TO SUSTAIN GENERAL ONE. The sustaining of a general demurrer to the whole of a petition, one cause of which is well stated, is error.

*Appeal from Wapello District Court.*

FRIDAY, JANUARY 31.

PETITION in equity to quiet title in plaintiff to twenty-one feet off of the west side of lot one in block two in the town of Ashland, Wapello county, Iowa. The petition states that the property formerly belonged to Thomas Ping, the defendant, and that in 1853 or 1854, he sold and conveyed the same to David Warren; that the deed of conveyance was lost before the same was recorded and no record evidence thereof is now in existence. That on the 24th day of September, 1855, said David Warren and wife executed a mortgage upon said property to Worster, Templin & Co., to secure the payment of $1,500; that on the 26th day of September, 1856, the said Worster, Templin & Co. obtained in Wapello District Court a decree of foreclosure of said mortgage, and judgment against said Warren for the balance due on said mortgage debt, it being $783.68, and the same still remain of record.

That after the foreclosure of said mortgage, and on the 19th day of February, 1857, the said Ping and wife executed to Worster, Templin & Co. a quitclaim deed for said property, but plaintiff avers that Ping at that time had no interest in said property.

Plaintiff further avers that at no time since the rendition of said foreclosure judgment, have the plaintiffs therein caused execution to issue or taken any other steps to enforce the same; and that said judgment ceased to be a lien on the 26th day of September, 1866.

That on the 26th day of September, 1856, the said Worster, Templin & Co. obtained an ordinary judgment in said court against said Warren for $304.14, but no execution has been issued or other steps taken to enforce

the same, and the lien thereof ceased on the 26th day of September, 1866.

Plaintiff then further avers that he purchased of said Warren the property in controversy on the 18th day of March, 1867, and took a deed therefor, and is now the owner of said property divested of the liens of said judgments and claims of the defendants. He asks that his title be quieted in him divested of the liens.

The defendants demurred to the petition, because it does not state facts sufficient to constitute a cause of action, for that it does not aver that the mortgage debt is paid. The District Court sustained the demurrer, and plaintiff appeals.

*Hendershott & Burton* for the appellant.

*Stiles, Hutchinson & Dixon* for the appellees.

COLE, J. — Judgments are, by our statute, made liens upon the real estate of the judgment debtor, situated in 1. JUDGMENT LIEN: expires in ten years. the county where they are rendered, or attested copies thereof are filed. The lien attaches from the date of rendition or filing. Rev. §§ 4105, 4108. It is further provided by statute (Rev. § 4109), "The liens above authorized continue in force for the term of ten years only, from the date of the judgment." It is clear, from the language of the statute, that whatever lien Worster, Templin & Co. acquired, by virtue of their *judgment*, was lost or ceased to be a lien after ten years from the date of its rendition. The lien, being given by statute, could continue no longer than the statute declares it shall continue.

But the lien acquired by the mortgage, was the result 2. —— mortgage lien not merged in judgment. of the contract between the parties. The lien of the mortgage was independent of and prior to the judgment. It in no manner de-

pended upon the judgment for its existence. The judgment did not merge the lien of the mortgage, but was simply a means of effectuating and enforcing that lien. The judgment did merge the mortgage debt; but a merger of the debt, or any change of the evidence of it, as by giving a note for the account secured by mortgage, by renewal of note, giving bond or other thing, short of payment, does not destroy the lien of the mortgage — that continues until the debt is paid or discharged.

By our statute of limitations, suits founded on written contracts and for the recovery of real property, must be brought within ten years. Rev. § 2740, subdivision 4. This statute has been held to apply to suits for the foreclosure of mortgages, as well as to suits upon notes. *Newman* v. *De Lorimer et al.*, 19 Iowa, 244. But these provisions do not apply when from the answer or testimony of the debtor, it appears affirmatively, that the cause of action still justly subsists. Rev. § 2742.

3. LIMITATION, STATUTE OF: mortgage foreclosure.

But by Revision, section 2740, subdivision 5, actions founded on a judgment of a court of record, may be brought within *twenty* years, and by section 3246, executions may issue at any time before the judgment is barred by the statute of limitations. An execution, therefore, may now be issued upon the judgment rendered on the mortgage debt. The mortgage debt is not averred to have been paid; nor is it barred by the statute. While the lien, acquired by virtue of the *judgment*, may have ceased at the end of ten years; yet the lien acquired by the *mortgage* continues until the mortgage debt is paid or discharged. Since there is no averment by plaintiff, that the mortgage debt is paid, nor any presumption of payment arising from lapse of time or the statute of limitations, it follows that the lien of the *mortgage* still exists.

DILLON, Ch. J., and BECK, J., concur in the conclusion reached herein, but do not wish to be understood as expressing any opinion as to whether a judgment in a foreclosure case is a lien upon any other than the mortgaged property; or whether the limitation of ten years for the continuance of a judgment lien applies to the judgment in a foreclosure case. Nor do the other members of the court regard either of these questions as decided herein.

The petition in this case sets out two judgments — one of foreclosure, and the other an ordinary judgment. As to the latter, the mere lapse of time annihilates the lien, and shows conclusively the right of the plaintiff to the relief demanded as against it. The demurrer was sustained by the District Court as to the whole petition. This was error, to the extent of the claim for relief, as to the last mentioned judgment, and for this the judgment is

*4. DEMURRER: error to sustain general one.*

Reversed.