Stahl v. Roost.

34  475
119  675

STAHL v. ROOST *et ux.*

1. **Judgment**: LIEN: MORTGAGE. Execution may properly issue on a judgment after the lien thereof has expired, and at any time within twenty years, the statutory period of limitation; and a sale of real estate thereunder is effectual to pass all the interest the defendant therein had at the time of the levy.

2. —— In the case of a judgment rendered in a proceeding to foreclose a mortgage, the lien of the mortgage continues until the judgment is paid, or barred by the statute of limitations.

3. **Tax deed**: RECITALS. The recital in a tax deed, regular in form, that the certificate of tax sale had been assigned to the grantee, is sufficient to establish that fact.

*Appeal from Lee District Court.*

THURSDAY, JULY 25.

ACTION for the recovery of real property. Plaintiff avers his absolute ownership of lots eleven and twelve of block eight in Kilbourne's addition to Keokuk; that defendants wrongfully withhold possession from him. Defendants answer in denial; that the defendant Catharine is the owner; and also that the property is their home-

stead, and has been since 1856. Trial to the court. Judgment for plaintiff. The defendants appeal.

*S. T. & R. M. Marshall* for the appellants.

*W. J. Cochran* for the appellee.

COLE, J. — The testimony shows, that on the 1st of September, 1854, D. W. Kilbourne sold and conveyed the lots in controversy to the defendant Alexander Roost, and on the same day took from said defendant his note for a part of the purchase price, secured by a mortgage on the lots. The mortgage was duly recorded. At the February term (March 3) 1860, of the Lee district court, a judgment upon said note and for foreclosure of the mortgage was rendered in favor of said Kilbourne and against said defendant. On the 24th day of November, 1871, special execution was issued upon said judgment, and the property in controversy was duly levied upon and sold to the plaintiff, who received a deed therefor, December 30, 1871.

The appellants insist that the judgment of foreclosure, having been rendered more than ten years before execution was issued, had ceased to be a lien upon the property, and that the sale under the execution did not, therefore, pass any title to the plaintiff. Our statute makes a judgment a lien upon real estate within the county for ten years from its date (Rev., § 4109); but a judgment continues in force, and is not barred by the statute of limitations until the lapse of twenty years. § 2740. And it is also provided that execution may issue at any time before the judgment is barred. § 3246. While, in an ordinary judgment, the lien ceases after ten years, yet the right to issue execution continues for twenty years; but an execution issued after the ten years would only operate (as at common law) as a lien from the date of the levy. The sale under the execution would be as effectual

to pass the title of the judgment defendant as if it had been issued before the expiration of the ten years. The chief difference being that, in the one case, it would only pass the title that the execution defendants had at the date of the levy of execution or after; while, in the other case, it would pass the title they held at the date of, or subsequent to the judgment. But, further, we have held that in a mortgage foreclosure judgment, the lien of the mortgage continues till the judgment is satisfied or barred. *Hendershott* v. *Ping*, 24 Iowa, 134. So that in either case, and for the two reasons, the title of the judgment defendant, passed to the plaintiff by the sale.

It also appears by the testimony that, on the 26th day of October, 1858, the defendants executed a deed for the property in controversy to one Joseph Sierne, and that on the 26th of January, 1860, said Sierne executed a deed for the same property to the defendant, Catharine Roost, and that neither Sierne or Catharine were parties to the foreclosure proceeding. The abstract fails to show whether the conveyance to Catharine was made before or after the action to foreclose the mortgage was commenced. Probably it was after, because the action was brought to the February term, 1860, and judgment was rendered March 3, 1860, less than sixty days after the conveyance to Catharine. If the conveyance was made after action brought, then the grantee acquired no title as against the plaintiff in that action. It was a *lis pendens*. Rev., § 2842; *Crum* v. *Cotting*, 22 Iowa, 411.

But, however, this last-mentioned fact may be, the judgment of the court was right, upon another ground. The 3. TAX DEED: recitals. plaintiff introduced in evidence a tax deed for the property, made by the treasurer of Lee county, to him. The tax deed shows that the sale of the property for taxes was made to Kilbourne, and that the certificate had been assigned to the plaintiff. The defendants objected to this deed on the sole ground that there

was no proof except the recitals in the deed, that the certificate of tax sale had been assigned to the plaintiff. The deed, being regular in form, as prescribed by the statute (§ 783) itself became competent evidence of the fact that the certificate was assigned as is recited, and hence it passed the title to the plaintiff.

Affirmed.