# HERRIMAN v. MOORE.

1. **Jurisdiction**: AUTHORITY OF JUDGE. The judge, in vacation, may direct the sheriff to publish a notice of a sale in the manner prescribed by law.

2. **Judicial Sale**: NOTICE. The judgment creditor may designate the newspaper in which the notice of a sale under execution shall be published.

*Appeal from Cherokee District Court.*

THURSDAY, SEPTEMBER 19.

PLAINTIFF recovered a decree in an action to foreclose a mortgage upon which a special execution was issued for the sale of the land covered by the mortgage. He directed notice of the sale to be published in a newspaper designated by him. The sheriff, who is the defendant in this proceeding, refusing to follow plaintiff's direction, commenced the publication of the notice in another newspaper. Thereupon plaintiff, in vacation, made application to the judge of the court rendering the decree, in the form of a motion, for an order directing the sheriff to publish the notice in the newspaper designated by plaintiff. The order was made, from which defendant appeals.

*Joy & Wright* and *M. Wakefield,* for appellant.

*Kellogg & Herrick,* for appellee.

BECK, J.—I. Two questions arise in this case, the first involving the jurisdiction of the judge to act upon the matter in controversy in vacation; the second, the authority of plaintiffs to designate the newspapers in which notices of sales of lands on execution shall be published.

II. Code, § 2923, provides that "for good cause shown a judge's order may issue in vacation, directing any of the officers of the court in relation to the discharge of their duties." The language of this provision is too plain to admit a doubt of its meaning. The publication of the notice of the sale pertains to the duty of the sheriff. The judge in vacation may direct the sheriff to discharge such duty in the manner prescribed by law as determined by the judge. The object of the statute doubtless is to protect both sheriff and parties to actions, by providing a ready and con-

<small>1. JURISDIC-
TION: author-
ity of judge.</small>

Herriman v. Moore.

venient proceeding for settling questions affecting their duties and rights.

III.　Code, § 3832, provides that the plaintiffs in the proper cases may direct in what newspapers notices of the sales of lands upon execution shall be published. This section is explicit, and in plain language requires the sheriffs to follow the direction of the plaintiffs in the selection of newspapers.

2. JUDICIAL sale: notice.

IV.　Defendant insists that Code, § 306, gives him the right of selection in such cases. It is in this language : "The clerk of the District Court, sheriff, auditor, treasurer and recorder shall designate the newspapers in which the notices pertaining to their several offices' shall be published, and the board of supervisors shall designate the papers in which all other county notices shall be published, and in counties having a population exceeding eighteen thousand inhabitants, the board shall designate as one of such papers a paper published in a foreign language, if there be such in its county."

The language of this provision does not include notices of execution sales, but is limited to "*county notices*," which we understand to mean notices pertaining to county business. The context clearly shows that it is used in this sense. Section 3832 is applicable to the publication of notices of sales on execution. The two provisions being applicable to different subjects are not in conflict, and do not require construction to make them harmonize.

The case, in our opinion, demands no further consideration.

The order of the District Court is

AFFIRMED.