## EVANSVILLE GAS LIGHT COMPANY V. STATE OF INDIANA EX REL. REITZ, AUDITOR.

1.   *Lien of a Mortgage—Merger.*—While a mortgage is merged in a judgment of foreclosure as a cause of action, such judgment does not abridge or extinguish the lien of the mortgage.  The whole theory of merger is that the greater estate or thing takes into itself the less, and this cannot be so where there are essential particulars in which the one alleged to be the inferior is really superior.  And besides, mergers are not favored when they would produce injustice.  As the lien of a mortgage is specific, while the lien of a judgment is general, the former is the superior.

2.   *Suit to Revive Decree of Foreclosure—Statute of Limitations.*—Where suit is brought to revive a decree of foreclosure on two mortgages, one of which is barred by the Statute of Limitations, the statute does not need to be pleaded, because the complaint necessarily brings up the question whether there is an actually existing lien or not.

3.   *Same—Apportionment.*—Nor in such a case does the rule apply that where the original mortgagor has made several conveyances, the court will, upon foreclosure, decree that the parcels be sold in the inverse order of the dates of the conveyances; for this rule was not intended to impair the rights of the mortgagee, and will not be permitted to have that effect.  The rule merely enforces the equity maxim that "equities prevail in the order of time," by adjusting the burden of the mortgage indebtedness in the order of purchase.

Filed May 23, 1881.

Appeal from Vanderburgh Circuit Court.

Asa & J. E. Iglehart, for appellants, cited Freeman on Judgments, §§ 215, 398; *People* v. *Beebe*, 1 Barb. 379; *Gage* v. *Brewster*, 31 N. Y. 226, as to general application of doctrine of merger. As to lien of judgment in foreclosure, *Fletcher* v. *Holmes*, 25 Ind. 458; *Insurance Co.* v. *Hallock*, 6 Wall, 556; Freeman on Judgments, § 491.   As to marshalling liens, Jones on Mortgages, §§ 1620–21, and citations.   That the statute of limitations must be pleaded, *J. M. & I. R. R. Co.* v. *Hendricks*, 41 Ind. 48.

Thos. E. Garvin and Geo. Palmer, for appellee Francis J. Rietz, cited Buskirk's Prac. 284; *Whitworth* v. *Ballard*, 56 Ind. 279; *Westcott* v. *Huff*, 18 Ind. 245; *Pell* v. *Farquhar*, 3 Blackf. 331, as to complaint of one of joint defendants who is uninjured by the verdict.   As to mode of objection to special finding of facts, Buskirk's Prac. 206; *Barnhill* v. *Mill Spring Road Co.*, 51 Ind. 354; *Gazette Co.* v. *Morse*, 60 Ind. 153; *Anderson* v. *Donnell*, 66

Ind. 150. As to objection being made for the first time in Supreme Court, *Fishback Co.* v. *Willson*, 31 Ind. 371. That exceptions to the finding of facts are inadmissible in Supreme Court, Buskirk's Prac. 205; Iglehart's Prac. 428; *Mattox* v. *Hightshue*, 39 Ind. 102; 59 Id. 422; 60 Id. 599. As to nature of the action, *Hill* v. *Sutton*, 47 Ind. 592; *Harlock* v. *Barnhizer*, 30 Ind. 370; *Truitt* v. *Truitt*, 38 Ind. 16. That a decree of foreclosure is a judgment *in rem* and not *in personam*, *Lipperd* v. *Edwards*, 39 Ind. 165; *Slaughter* v. *Foost*, 4 Bl. 379; *Benoit* v. *Schneider*, 39 Ind. 591; *Rogers* v. *State*, 6 Ind. 31. That a proceeding to issue execution after lapse of ten years is by motion and not by suit, *Plough* v. *Reeves*, 33 Ind. 181; *Blizzard* v. *Blizzard*, 40 Ind. 344; *Simpson* v. *Wilson*, 16 Ind. 428; *Verden* v. *Coleman*, 23 Ind. 49. No pleadings are necessary therein, *Kemp* v. *Mitchell*, 29 Ind. 163; *Jenkins* v. *Long*, 23 Ind. 460; *Bales* v. *Brown*, 57 Ind. 282; and are no part of the record, *Schori* v. *Stepens*, 62 Ind. 441. As to objections to issues of facts determined on motion, *Jenkins* v. *Long*, 23 Ind. 460; *Grover and Baker Co.* v. *Barnes*, 49 Ind. 136. As to the statute of limitations, *Vandyn* v. *Hepner*, 45 Ind. 589; 26 Id. 220; *Lopping* v. *Duffy*, 47 Ind. 51; *Schwartz* v. *Shellhouse*, 37 Ind. 85; 3 Washb. 278. As to what constitutes a cross complaint, *Campbell* v. *Rout*, 42 Ind. 410. As to parties, *Avery* v. *Patten*, 7 Johns' Ch. 211. As to absence of the instrument which is the foundation of the claim, 14 Ind. 108; 25 Id. 256; 30 Id. 222; 40 Id. 145. As to grantee assuming proportion of incumbrance, *Atherton* v. *Toney*, 43 Ind. 211; *Shuler* v. *Hardin*, 25 Ind. 386. Exception as to warranty deed, Jones on Mortgages, vol. 2, § 1091; 22 Ind. 70; 2 Wh. & T. Leading Cases, 176. As to absence of allegations of warranty, 14 Ind. 108; 34 Id. 274.

W. Frederick Smith, for appellees, cited as to facts not being before the court, *Condit* v. *Hern*, 8 Ind. 24, 470; 9 Id. 569. As to merger of mortgage by judgment, Freeman on Judgments, § 398; *Riley* v. *McCord*, 21 Mo. 285; *Priest* v. *Wheelock*, 58 Ill. 114; *Hendershott* v. *Ping*, 24 Ia. 134; *Stahl* v. *Roost*, 34 Ia. 476.

Opinion of the court by Mr. Justice Elliott.

The State, by the Auditor of Vanderburgh county, as relator, prosecuted this suit against the appellant and Francis J. Reitz, and obtained judgment against the former, but not against the latter.

The object of the action was to revive a decree of foreclosure upon two school-fund mortgages which had been taken against John G. Jones and wife.

A special finding of facts was made by the court at the request of parties, which is as follows:

1. That the decree of foreclosure and order of sale set out in the complaint, whereby it was, on May 12, 1862, adjudged that there was due from said James G. Jones, to the State of Indiana, the sum of four hundred and fifty-seven dollars, upon the mortgages mentioned in said decree, is still in full force and wholly unsatisfied.

2. That said James G. Jones departed this life on or about the 15th day of April, 1872.

3. That no execution has been issued upon said decree since May 17, 1862, and which was returned on the 4th day of June, 1862, no replevin bail having been entered.

4. That lot 23, block 171, on the 7th day of December, 1871, conveyed to defendant, F. J. Reitz, by said James G. Jones and Rosanna, his wife.

5. That on the 3d day of November, 1875, said Jones and wife conveyed said lot 39, in block 129, Lamasco City, to said defendant, the Evansvile Gas Light Company.

6. That said Jones had no title in said lot 12, block 135, when the same was conveyed by him to the plaintiff.

7. That said decree of foreclosure was rendered upon two several mortgages, one dated April 14, 1855, upon said lot 23, block 171, and the other dated the 5th day of August, 1859, upon said lot No. 29, block 129, both to secure the same sum.

8. That the other defendants, besides said Gas Company and said Reitz, have no interest in the property mentioned in the complaint, (lots 23 and 29.)

Upon these facts conclusions of law were stated as follows:

"1. That the plaintiff is entitled to have execution for the satisfaction of said decree, together with interest thereon, from the rendition thereof, and the costs thereon taxed to be satisfied only by the sale of said lot 29, block 129.

"2. That as to the issue between the said defendant, Gas Company, and said Reitz, the equity is in favor of said Reitz, and the court finds for said Reitz, and that upon said issue he is entitled to recover his costs.

" 3. That as to the issue between the said defendant, Reitz, and plaintiff, the court finds in favor of said Reitz.

" 4. That said mortgage upon said lot 23, block 171, having been executed more than twenty years, said decree, as to said lot, is barred and cannot be inforced.

" 5. That as to all the other defendants, excepting said Gas Company and F. J. Reitz, said complaint ought to be dismissed."

The decree of foreclosure, which this proceeding sought to revive, was, as appears from the special finding, rendered on the 12th day of May, 1862, and this action was not instituted until the 10th day of November, 1877, more than sixteen years afterwards. The appellant insists that the lien of the decree ceased at the expiration of ten years from the date of its rendition. The argument is that the mortgage was merged in the judgment, and that as the statute limits the lien of a judgment to a period of ten years from its date, with the expiration of that period terminated the lien of the decree sought to be revived.

Appellant's chief reliance is upon section 527 of the code, which provides, *inter alia*, that "all final judgments for the recovery of money or costs shall be a lien upon real estate for ten years after the rendition thereof, and no longer," 2 R. S. 233. The statute in terms applies only to judgments for the recovery of money, and does not apply to a decree of foreclosure establishing a specific mortgage lien upon real estate, and we do not think it should, by construction, be so extended as to apply to such decree of foreclosure. Section 642 of the code is also relied upon by the appellant. If the appellant is correct in asserting that the judgment merges both the lien of the mortgage and the cause of action evidenced by it, and that the lien of the judgment takes the place of that of the mortgage, then under the provisions of either statute, he is entitled to a reversal.

If the decree of foreclosure which the State obtained against Jones and wife is to be treated as an ordinary judgment, then it must be held that the lien was lost long before this action was instituted. The controlling question, therefore, is whether a decree of foreclosure is to be treated as an ordinary judgment, for if it is to be so regarded, then appellant is clearly right.

If the judgment merged the mortgage lien, then the mortgage

lien was extinguished. It will not do to assume as a matter of course that there was a merger, for there are many cases in which in order to prevent injustice courts will not allow merger to take place, although all the essential elements of a technical merger combine in the particular case. Mergers are not favored. As Ch. J. Shaw tersely said in *Gibson* v. *Crehove*, 3 Pick. 482, " mergers are odious in equity."

Nor is it clear that where a mortgage is foreclosed the decree " swallows " the lien of the mortgage. There are at least two very strong reasons why this cannot on principle be so : First. The mortgage lien is a specific one, the judgment a general one, and the lien of the former is, therefore, the superior one. The difference between mortgage and judgment liens is clearly drawn by Worden J. in *Gimbel* v. *State*, 59 Ind. 446. Second. The lien of the mortgage is superior in duration to that of the judgment. In these two essential particulars the mortgage lien is the greater, and it would seem almost a contradiction of terms to declare that the inferior lien can swallow the greater. The whole theory of merger is that the greater estate or thing takes into itself the less, and this cannot be so where there are essential particulars in which the one alleged to be the inferior is really the superior. It can hardly be possible that even an imaginary legal entity can be conceived as capable of absorbing into itself another thing greater in two very essential and prominent features.

The merger of a judgment takes up the mortgage as a cause of action, but not as a lien. There is a broad distinction between a merger of a cause of action and the merger of a lien. It is owing to error, in confusing the merger of a cause of action with the merger of a lien, that some of the courts have been led into the erroneous holding that a judgment extinguishes the mortgage lien.

A suit of foreclosure is a remedy for the enforcement of a mortgage lien, and it ought not to be abridged by holding that the decree cuts down rather than enlarges the lien. Without a decree the lien continues for twenty years, and surely that which is meant to carry into effect this lien ought not to be allowed to have the effect of shortening the duration of the lien to a period one-half shorter than that for which it would continue without decree; upon principle it is, in our opinion, very clear that, although the judg-

ment merges the mortgage as a cause of action, it does not abridge or extinguish its lien.

Although there is some conflict in the authorities, we think the weight is with the doctrine that the decree of foreclosure does not merge the lien of the mortgage. Counsel cite us to Freeman on Judgments, sections 215 and 216, but we think these sections afford appellant's theory no support. The author is speaking of the effect of a judgment upon the mortgage as a cause of action, not of its effect upon the lien created by the mortgage. There cannot well be two opinions upon the proposition that the mortgage as a cause of action is merged in the decree, and that all rights growing out of it as a right of action are merged in the judgment or decree. This, however, is not the point here in debate. In *People* v. *Beebee,* 1 Barb. 379, it was held that the lien of the mortgage was merged in the decree, and this doctrine is stated approvingly in *Gage* v. *Brewster,* 31 N. Y. 296. These are the only cases to which appellant has referred, and we have found no others supporting the doctrine they declare.

There are many well considered cases holding a doctrine different from that declared by those upon which appellant relies. In our own reports we have the case of *Lopping* v. *Duffy,* 47 Ind. 51, where it was held that a judgment did not extinguish the lien of the mortgage. It is true that the case just cited did not pass upon the question as here presented, but the principle enunciated is substantially the same as that which must govern the case under examination. We have also the case of *Teal* v. *Hinchman,* 69 Ind. 385, where the same general doctrine is declared and enforced. In the case of *Helmbold* v. *Man,* 4 Whart. (Pa.) 410, the question was considered and decided adversely to the doctrine of the New York cases. It was there said: "The lien was created by the mortgage itself; the judgment neither added to nor took anything from it, and it is clear that, therefore, the acts of the Assembly, which require judgment creating liens, or binding lands or real estate, to be revised every five years for the purpose of continuing such liens, do not extend to or embrace the liens of mortgages, and can have no application or bearing upon them whatever." The rule that the mortgage lien is not merged in the decree is asserted by the Su-

preme Court of Iowa in two well considered cases—*Stahl* v. *Roost*, 34 Iowa, 475; *Hendershott* v. *Ping*, 24, Id. 134. The same rule has long since been the settled law of Missouri—*Riley* v. *McCord*, 21 Mo. 485. Illinois has adopted and enforced a like doctrine—*Priest* v. *Wheelock*, 58 Ill. 114.

The rule that the lien of the mortgage is not absorbed by the decree or judgment is in harmony with settled general rules, while the opposite doctrine is in direct conflict with them. It is a rule of very frequent application, and upon which there is no contrariety of judicial opinion, that a mortgage lien is only extinguished by payment or release, and with this rule the doctrine that the decree does not merge the lien of the mortgage fully harmonizes, while the opposite rule is in direct and irreconcilable hostility to it. We have already adverted to the well known rule that, as the lien of the mortgage is specific, while that of the judgment is general, the former is the superior. The doctrine, for which appellant contends, that the lien of the judgment supplants that of the mortgage cannot be brought into harmony with the general rule just stated. There is a sharp and full conflict. But we deem it unnecessary to multiply illustrations. It is obvious that appellant's theory jars and conflicts with many settled principles, while the opposite theory agrees and harmonizes with all the great rules of law, except the technical one of merger; a doctrine neither important in its practical results, nor well supported by either reason or authority.

Counsel insist that the court erred in finding in favor of Francis J. Reitz upon the issue joined between him and the appellant. The position of appellant is, that as Reitz did not acquire title until six years after the acquisition of title by the appellant, his lot ought to have been ordered to be first sold before resorting to that purchased by the appellant. It is true, as counsel assert, that where the original mortgagor has made several conveyances to different persons, the court will, upon foreclosure, decree that the parcels shall be sold in the inverse order of the dates of the conveyances, but this rule does not meet the question here presented. The rule applies where the mortgage is a lien resting alike upon the whole of the land, but it cannot apply where the mortgage is not a lien upon

3

one of the parcels.   The mortgage which covered the lot of Reitz was executed more than twenty years prior to the institution of the appellee's proceedings, and was, therefore, fully barred by the statute of limitations.   The rule upon which appellant insists was not intended to impair the rights of the mortgagee, and is never permitted to have that effect.   The rule enforces the equity maxim that "equities prevail in the order of time," by adjusting the burden of the mortgage indebtedness in the order of purchase.

It is insisted that as there was no pleading of Reitz setting up the statute of limitations the court did wrong in finding in his favor upon the issue made upon appellant's cross-complaint.   We do not think the point urged can avail the appellant.   The case was not one in which such a pleading was proper, and there was, therefore, no substantial error in holding against appellant.   *Plough* v. *Reeves*, 33 Ind. 181.   The question as to whether there was any lien to revive was directly and necessarily presented by the pleading of the State ; its decision was irreparably connected with the determination of the issue, and in determining the issue the question of the existence of a lien on Reitz's lot was necessarily adjudicated.

It was impossible to determine the issue without settling the question of the existence or non-existence of a lien upon the lot of Reitz.   There was, therefore, no available error committed in holding that appellant had no right to relief against Reitz.   If Reitz's lot was entirely free from the burden of the mortgage lien, which the State sought to revive, then surely the appellant could have no right to ask that Reitz's lot be made subject to an extinguished lien.

Judgment affirmed.