Albee v. Curtis & Morey.

## ALBEE v. CURTIS & MOREY.

**Mortgage :** RIGHT OF REDEMPTION FROM FORECLOSURE SALE : JUNIOR LIEN-HOLDER NOT MADE PARTY : STATUTE OF LIMITATIONS. Plaintiff claims title under a sheriff's deed upon the foreclosure of a mortgage which fell due January 1, 1877. On the same day defendants obtained a judgment lien on the land, but they were not made parties to the foreclosure. The deed under the foreclosure was dated September 19, 1879. In 1886, defendants caused execution to issue on their judgment, and the land to be sold thereunder, and they purchased it, taking a certificate of sale on the eighth of February, 1887. In this action by plaintiff to quiet his title, *held*—

(1) That defendants' only right was to redeem from plaintiff, and that it was necessary to exercise that right within the ten years following January 1, 1877, after which their judgment ceased to be a lien on the land, under section 2882 of the Code. (See *Gower v. Winchester*, 33 Iowa, 303, and *Crawford v. Taylor*, 42 Iowa, 260.)

(2) That their time for redemption was not extended, or their rights in any way enlarged, by the fact that the execution issued upon their judgment, and under which they purchased, was issued prior to January 1, 1887, the time when their lien expired, and their purchase of the land thereunder after that time.

(3) That the said limitation of ten years was not prevented from running against defendants by the fact that during a portion of the time the persons who held the title under the foreclosure lived in another state; the provision of the general statute of limitations, that it shall not run during the non-residence of the debtor, having no application to the duration of a judgment lien. (See *Hendershott v. Ping*, 24 Iowa, 134.)

Albee v. Curtis & Morey.

*Appeal from Floyd District Court.*—Hon. John B.
Cleland, Judge.

Filed, May 23, 1889.

This is an action in equity to quiet the title to one
hundred and sixty acres of land in Floyd county. An
answer was filed by the defendants, to which the plain-
tiff demurred. The answer was amended, and an
amendment to the demurrer was filed. Thereupon the
parties filed an agreed statement of facts. The demurrer
to the answer was sustained, and judgment or decree
was rendered for the plaintiff. Defendants appeal.

*E. L. Smalley*, for appellants.

*Robert Eggert*, for appellee.

Rothrock, J.—The agreed statement of facts
appears to include every question in controversy in the
case. The stipulation in which the facts are recited is,
in substance, as follows: One C. D. Loper became the
owner of the land in controversy in 1868. In 1872,
Loper mortgaged the land to one Skinner, to secure
the payment of fifteen hundred dollars, which mortgage
became due January 1, 1877. On the twenty-ninth day
of February, 1872, Skinner sold and assigned the mort-
gage to one Henry A. Dubois, who was then and after-
wards, until his decease, a resident of the state of New
York. On the eighteenth day of January, 1877, Dubois
commenced an action to foreclose the mortgage. A
decree of foreclosure was afterwards entered, and the
land was sold upon foreclosure to said Henry A. Dubois,
and a sheriff's deed was executed to him on the nine-
teenth day of September, 1879. Afterwards said Dubois
died. On the tenth day of March, 1880, the heirs of
Dubois, all of whom were non-residents of this state,
sold and conveyed the land to one Emma F. Kellog; and

on the twenty-second day of April, 1885, said Emma F. Kellog conveyed the same to the plaintiff, who soon thereafter went into possession of the premises, and since the commencement of the foreclosure proceedings the plaintiff and his grantors have paid all taxes on the land. On the twelfth day of October, 1876, Curtis, Stephenson & Morey, now Curtis & Morey, recovered a judgment against said Loper in an action before a justice of the peace in Butler county, in this state. A transcript of this judgment was duly filed and docketed in the office of the clerk of the circuit court of Butler county on the fourteenth day of December, 1876. On the first day of January, 1877, a transcript of said judgment was filed in the office of the clerk of the court in Floyd county. On the thirteenth day of December, 1886, an execution was issued on said judgment from the office of the clerk of the circuit court of Butler county to the sheriff of Floyd county; and on said thirteenth day of December the sheriff of Floyd county levied said execution upon the land in controversy; and on the eighth day of February, 1887, said sheriff sold the land in question to Curtis & Morey, the defendants in this action, and issued to them a sheriff's certificate of sale. The defendants were not made parties to the action for the foreclosure of the mortgage.

It must be conceded that the title of the plaintiff is complete and perfect unless the defendants have a right to redeem from the foreclosure sale by reason of being the holders of a junior judgment lien upon the land. It is claimed that such right is barred by the statute of limitations. The lien of defendants' judgment attached to the land on the first day of January, 1887. The mortgage upon which plaintiff's title is founded became due on the same day. The defendants had a lien upon the land for ten years from the date of the filing of the transcript in the clerk's office in Floyd county. It is provided by section 2882 of the Code that "judgments in the supreme, district or circuit court of this state, are liens upon the real estate owned by the defendant at the time

of such rendition, and also upon all he may subse-
quently acquire, for the period of ten years from the
date of the judgment."

It is claimed by counsel for appellants that, because
execution was issued on the judgment before the ten
years' limitation expired, and the land was afterwards
sold, the lien of the judgment was thereby extended.
We do not think this position can be sustained. The
defendants acquired no title nor right, as against the
plaintiff, by reason of the levy and sale, that they did
not then possess by the judgment. The equity of
redemption of the owner had been foreclosed years
before, and the only right the defendants had was a
right to redeem from the plaintiff or his grantors, and
this was based upon the fact that defendants were not
made parties to the decree of foreclosure. They had no
other right than the right of redemption. They did not
offer to redeem within ten years; and, for that matter,
they do not now offer to redeem. Their rights are
measured by the statute above cited. It is a lien for
the period of ten years from the date of the judgment,
and as to prior lien-holders the right to redeem is abso-
lutely barred in ten years. *Gower v. Winchester*, 33
Iowa, 303; *Crawford v. Taylor*, 42 Iowa, 260.

It is further claimed in behalf of appellants that the
ten years allowed for redemption is in the nature of
a limitation of a right to redeem, and that as Henry A.
Dubois, the assignee of the mortgage, who acquired the
title to the land under the foreclosure sale, was a non-
resident of this state (as well as his heirs), the time
during which the title was held by him and his heirs
should be excluded in computing the ten years' limita-
tion. In other words, it is contended that the statute
of limitations, as found in sections 2529 and 2533 of the
Code, which provide that the time during which a
defendant is a non-resident of the state shall not be
included in computing the periods of limitation pro-
vided for in that chapter of the Code, applies to the
judgment lien.

In our opinion this is a mistaken view of the law

applicable to judgment liens. They are created by statute, and can continue no longer than the statute declares they shall continue, which is ten years. They expire and cease to be liens at the expiration of the time fixed, no matter where the residence of the parties in interest or the owners of the land may be. It is said in *Hendershott v. Ping*, 24 Iowa, 134, that "the mere lapse of time annihilates the lien" of a judgment. It would seriously affect titles of non-residents if it should be held that a junior lien of this kind does not expire by limitation, so long as the owner remains a non-resident. It appears to us to be very plain that the general statute of limitations can have no application in a case like this.      AFFIRMED.