JAS. H. LAKIN, Administrator, Appellee, v. C. H.
McCORMICK & BRO., Appellants, AND W. W.
SPRAGUE et al., Appellees.

81 545
104 369
81 545
e119 674

Judgment Lien : LIMITATION : EXECUTION.   The lien of a judgment
will not be extended, as against a junior lienholder, by the levy of
an execution thereon within the period of limitation, but without
a sale thereunder until after the expiration of ten years from the
date of the judgment.

Appeal from Fayette District Court. — HON. L. O.
HATCH, Judge.

WEDNESDAY, OCTOBER 29, 1890.
VOL. 81—35

W. W. AND P. D. SPRAGUE are codefendants in this case, but not appellants. Plaintiff is the administrator of the estate of H. Rush, deceased, and brings this action to foreclose a mortgage given by defendants Sprague to secure the purchase price of certain real estate, as to which arises a question as to priority of liens. January 16, 1872, the premises were owned by Thomas Smith, and on that day appellant obtained a judgment against Smith, in the district court of Fayette county, for one hundred and twenty-five dollars. Smith thereafter sold the premises to H. Rush, who conveyed them to the defendants Sprague, and took back the mortgage in suit. Appellant was made defendant to foreclose its interest in the premises, and it claims a priority as to liens based on facts as follows: That it obtained its judgment while Smith was the owner of the premises; that it took execution on said judgment on the fourteenth of January, 1882, which was levied upon the premises on the same day; that the premises were sold under said execution on the eighteenth day of February, 1882, and that appellant became the purchaser thereof, and in due time received a deed in pursuance of the sale. Upon this statement as to facts, the district court gave judgment for the plaintiff, and C. H. McCormick & Bro. appeal.

*Lake & Harmon*, for appellant.

*Ainsworth & Hobson*, for appellees.

GRANGER, J.—It will be observed that the gist of the controversy is as to the effect of the levy of the execution on the premises, January 14, 1882. But for such levy appellant's lien would have expired January 16, 1882, and plaintiff's mortgage, before that a junior lien, would have taken precedence; and we are to inquire if the levy of the execution defeats such a result. The arguments bring in question the effect of our holding in the case of *Albee v. Curtis*, 77 Iowa, 644. In that case the defendant firm was a judgment lienholder, junior

to the plaintiff's mortgage lien, and was not made a
party to the plaintiff's foreclosure proceeding, and
hence its period of redemption was not limited by
decree, and, as the judgment lien gave rise to the right
of redemption, the latter would expire with the former.
The defendant took execution on its judgment, and
made a levy thereon December 13, and its lien would
have expired January 1 thereafter, and the sale to
Curtis & Morey was February 7.   In that case, it was
urged that because the execution issued before the
expiration of the ten years, and the land was after-
wards sold thereon, the lien of the judgment was
extended.   But we held otherwise, and that the lien
was measured by the statute fixing its duration at ten
years from the date of the judgment.   Code, sec. 2882.
It is said by appellant in this case that the two cases
are not so alike that the holding in that should be of
controlling importance in this.   It is true that the cases
are in some respects unlike, and yet the controlling
facts seem to be the same.   In that case, a junior lien-
holder, by taking his execution before, and making his
sale after, the statutory period, sought to avoid the
operation of the statute in favor of the senior lienholder.
In this case, the senior lienholder, by doing the same
thing, seeks to avoid the operation of the statute in
favor of the junior lienholder.   The controlling question
in both cases is as to the effect of the levy and sale
under the execution.   A careful study of the conse-
quences to result from an application of the law, in
general, furnishes no reasons for applying different
rules to the two cases.   It is a construction of the same
statute as applicable to the same facts, barring the
class of the lienholder invoking its aid.

It is said that, if the rule contended for by appel-
lee is to prevail, the sale of land might be enjoined by
some other creditor, and thus defeat the sale, or render
it of no effect.   Following the line of thought, so might
the levy of the execution be enjoined, and it is not pre-
tended but that the levy must be made to preserve the
lien.   But the thought is not controlling.   If a court

should grant an injunction in such a case, we may assume it would provide for the safety of the parties by suitable bond. And further, without committing ourselves to any rule under such a state of facts, there is both reason and authority for making such interference by legal process as to defeat the sale within the limitation a ground for extending the lien. *Little v. Harvey*, 9 Wend. 157; *Graff v. Kip*, 1 Edw. Ch. 619.

It is claimed to be unreasonable that a party should have the right to an execution and levy on the land, and not the right to sell under the levy. Speaking only with regard to the respective lienholders, the party has the same right to one as the other. If he seeks the advantages of his lien, he should not defer action until it is too late to perfect his rights thereunder. The law fixes the period, and provides the means for rendering his lien effectual. If he neglects action until too late to complete his work within the period, then the right to make the levy is a barren one; in effect no right. We are referred to the cases of *Barth v. Bank*, 4 N. E. Rep. (Ill.) 509, and *Riggs v. Goodrich*, 74 Mo. 108, in both of which there is a holding, under a similar state of facts, that the levy of the execution extends the lien. In the Illinois case, under the provisions of an act of 1872, it extends for one year. The Missouri case is under a law much like ours, and the levy extends the lien of the judgment "until the writ is executed." Our holding has strong support in a number of cases in New York, of which see *Little v. Harvey* and *Gaff v. Kip*, *supra*. *Tufts v. Tufts*, 18 Wend. 621; *Mower v. Kip*, 6 Paige, Ch. 88; *Ex parte Peru Iron Co.*, 7 Cow. 553. The uniform holding of this court has been in accord with the language of the statute, that the lien extends ten years from the date of the judgment. *Denegre v. Haun*, 13 Iowa, 245; *Bertram v. Waterman*, 18 Iowa, 519; *Hendershott v. Ping*, 24 Iowa, 134; *Boyle v. Maroney*, 73 Iowa, 70. It is true these rulings have been on facts differing from this case, and they are cited only as showing how the

language of the law has generally been considered.    If exceptions are to be made, they should be for reasons more cogent than appear in this case.

The judgment of the district court is AFFIRMED.