## CRAWFORD v. FOSTER.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1897.)

### No. 428.

1. ERROR—QUESTIONS FOR REVIEW.
   On error from proceedings upon a motion to revive a judgment in which the court made no special findings, the only questions for review are rulings of the court made at the trial.

2. NOTICE—SERVICE—APPEARANCE.
   Insufficiency of notice of a motion to revive a judgment and irregularity in its service are cured by appearance at the trial.

3. ERROR—EVIDENCE—BILL OF EXCEPTIONS.
   Assignments of error involving questions of fact will not be considered on error in law actions, and particularly where the bill of exceptions does not purport to contain all of the evidence.

4. REVERSAL—HARMLESS ERROR.
   A cause will not be reversed for purely formal errors in awarding an execution when no prejudice results.

In Error to the Circuit Court of the United States for the District of Indiana.

This was a motion by William Foster under the Indiana statute to revive a judgment at law against Henry Crawford. A judgment of revivor was entered in the court below (80 Fed. 991), and the defendant sued out this writ of error.

A. W. Hatch, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This was a proceeding below on motion under section 675 of the Indiana Revised Statutes of 1881 (section 687 Rev. St. Ind. 1894) to revive a judgment at law. The case is brought here upon a writ of error, and, if governed by the rules applicable to that class of cases, the record presents no question for consideration. There was no right of trial by jury (Plough v. Reeves, 33 Ind. 181; Plough v. Williams, Id. 182; Evansville Gas-Light Co. v. State, 73 Ind. 219), and, consequently, a waiver of the jury was not necessary; but there seems to be no reason why in other respects the mode of preserving questions for the decision of this court should not be the same as in an ordinary action at law where the right of trial by jury has been waived by stipulation in writing. The proceedings upon the motion were had in, and are to be regarded as a part of, the original action at law in which the judgment to be revived was rendered. It follows that, the court having made no special finding of the facts, the only possible questions for consideration must have arisen upon "the rulings of the court in the progress of the trial of the cause." Rev. St. U. S. § 700. The first three specifications of error have reference to supposed irregularity in the order made by the court for the service upon the appellant of notice of the motion to revive, and to alleged insufficiency of the notice; but the subsequent full appearance of the appellant by counsel at the hearing cured whatever faults of that character there may have been. The fourth, sixth, seventh, eighth, and ninth specifications all involve questions of fact which

cannot be considered, not only because in a law case this court does not review. the evidence, but in this instance could not, because the bill of exceptions does not purport to contain all the evidence. The fifth specification is that the court erred in awarding the issuance of an ordinary execution upon the judgment. If there was error in this respect, it was purely formal; and if, in any possible way, harmful, the way has not been suggested, and is not perceived. Besides, the objection was not made in the court below, and therefore is not available here. Questions outside of the assignment of errors, of course will not be considered. The judgment below is affirmed.