HAWKEYE INSURANCE COMPANY v. CHARLIE MAXWELL *et al.*,. Appellants.

Mortgage Sale:    ISSUANCE OF DEED:    ORDER OF JUDGE.    Under-
1   Code section 3843, an order of the judge may be made in vaca-tion directing a sheriff to issue a deed to a purchaser at an exe-cution sale under a judgment.

Judgment Sale:    REVIVAL OF LIEN:    RIGHT OF REDEMPTION.    Al--
2   though the lien of a judgment upon real estate expires in ten years as against subsequent purchasers, yet an execution may issue at any time within twenty years, and any land the debtor may own may be levied upon and sold subject to the right of redemption.

*Appeal from Warren District Court.*—HON. A. W. WILK-INSON, Judge.

WEDNESDAY, APRIL 8, 1903.

ON the 18th day of January, 1889, the defendants Maxwell gave a mortgage on the land in controversy to the defendant R ynolds. This mortgage was foreclosed on the 13th day of November, 1900, and on the 22d day of December, 1900, the land was sold under special execution to said Reynolds. On the 3d day of March, 1891, the plaintiff obtained a judgment against the Maxwells in Polk county, which was duly transcripted to Warren county.

March 10, 1891.   An execution was issued on this judgment in November, 1900, which was levied on the land in question on the 1st of December following, and on the 5th day of January, 1901, the land was sold thereunder to the plaintiff.   September 21, 1901, the plaintiff paid in to the clerk of the district court of Warren county the full amount necessary to redeem from the Reynolds foreclosure sale, and on the 24th of December demanded a certificate of redemption of the clerk, and a deed of the sheriff on his certificate of purchase.    Both were refused, and on the same day the sheriff issued a deed to Reynolds on his certificate.   Thereafter the plaintiff commenced proceedings under section 3843 of the Code, asking an order directing the sheriff to issue a deed to him.   The application was heard, the order made, and the deed issued. Afterwards the plaintiff began an action of forcible entry and detainer against the parties in possession of the land. The defendants answered, putting in issue the title to the land, whereupon the cause was transferred to the district court, and tried as an equitable action.   There was a judgment for the plaintiff.   The defendants appeal from both the order and the judgment, and by agreement the appeals are submitted together. —*Affirmed.*

*O. C. Brown* for appellants.

*A. A. McGarry* for appellee.

SHERWIN, J.—In view of the fact that the merits of the controversy between all parties were fully investigated and determined in the equity action, it does not
1. MORTGAGE seem very material whether the order directsale: issuance ing the sheriff to make a deed to the plaintiff
of deed: order
of judge.    was based on proper proceedings or not, and we shall give the question but little attention.   Section 3843 of the Code provides that "a judge's order may issue

in vacation, directing any of the officers of the court in relation to the discharge of their duties." This provision appears under the head of "Motions and Orders," and is preceded by provisions designating the form of notice and method of service necessary to bring the matter before the judge. Sections 3835, 3841. In *Pickell v. Owen*, 66 Iowa, 485, an action of mandamus to compel an officer to act—it was held that the writ would not lie, because the section of the statute under consideration furnished a speedy and adequate remedy. See, also, *Herriman v. Moore*, 49 Iowa, 171. We think there was no error in the method of procedure adopted in this case.

The life of the plaintiff's judgment as a lien upon the land had expired by limitation before redemption was sought from the Reynolds sale, and it is contended that 2. JUDGMENT the levy and sale under the execution did not sale: revival of lien: right give the plaintiff any right to redeem after of redemption. the lien of the judgment was gone. The proposition, however, is not sound. The lien of the plaintiff's judgment was extinguished, and if, at the time of the levy and sale, the judgment defendants had owned no interest in the land, the plaintiff would have had no right to redeem after the 10th day of March, 1901, under the rule announced in *Albee v. Curtis and Morey*, 77 Iowa, 644, and in *Lakin v. McCormick*, 81 Iowa, 548, in both of which cases the land had been sold, and the judgment debtor's interest therein lost, long before the levy and sale depended upon as extending the lien of the judgment. But in this case the judgment debtors were still the owners of the land when the levy and sale under consideration were made. True, Reynolds had foreclosed his mortgage, and sold thereunder, but that sale did not vest in him the legal title of the land. Code, sections 4044, 4045; *Curtis v. Millard*, 14 Iowa, 128; *Shimer v. Hammond*, 51 Iowa, 401. The plaintiff's judgment, however, was still alive, and an execution could issue thereon at any time within twenty

years from its date, and a levy upon any real property which the judgment debtor .owned, and a sale thereof, would give the execution plaintiff a lien upon such property by virtue of such levy and sale. *Stahl v. Roost*, 34 Iowa, 475; 11 Am. & Eng. Enc. of Law (2 Ed.) 667. The plaintiff clearly had the right to redeem from the Reynolds sale, and was entitled to the deed which he received.

The judgment and order are. AFFIRMED.