J. W. MUDGE, Appellant, v. C. B. LIVERMORE, ET AL.

**Executions:** ISSUANCE AGAINST NONRESIDENT DEFENDANT. Lapse of time is not an impediment to the issuance of an execution on a judgment, where the judgment defendant left the state shortly after its rendition and had not since been a resident.

**Same:** PLACE OF ISSUANCE. Although a transcript of a judgment is filed in another county, execution thereon can only issue from the county in which the judgment was rendered.

**Judgments:** TRANSCRIPT: LIEN. The filing of a transcript of a judgment in another county thirty years after its rendition did not create a lien upon property therein.

**Same:** ENFORCEMENT.  A judgment creditor is not entitled to the aid of equity in the enforcement of a judgment which is not a lien.

**Same:** LIENS: ENFORCEMENT.  Although a judgment does not operate as a lien in the county where a transcript is filed, a lien may be obtained by the issuance and levy of an execution, and can be perfected by sale of the property.

**Same:** ENFORCEMENT IN EQUITY.  Where a judgment defendant's interest in property out of which the judgment is sought to be enforced is undisputed, the judgment creditor has a complete and adequate remedy at law and he can not therefore invoke the aid of a court of equity.

**Same:** REVIVOR: PERSONAL SERVICE.  A dormant judgment can not be reestablished except by an order of revivor or a new judgment; and a revivor of the judgment by an action thereon can only be had upon personal service.

**Same:** ENFORCEMENT: APPEARANCE.  Although a plaintiff may not be entitled to maintain a suit in equity to have a judgment declared a specific lien on property, still, where the defendant appears and demurs to the petition jurisdiction over his person is conferred, although there was no prior service of notice; and he may have the action transferred to the law docket for trial rather than dismissed.

*Appeal from Polk District Court.*—HON. W. H. MC-HENRY, Judge.

MONDAY, NOVEMBER 22, 1909.

THE amended petition alleges that Emerson & Co. recovered judgment in the district court of Lucas county against defendant for $128.70, with interest and costs, on March 21, 1876, and on September 24, 1907, assigned the same to the plaintiff; that shortly after the entry of said judgment defendant left the state, and has not since resided therein; that a transcript of said judgment had been filed in the office of the clerk of the district court of Polk county, but the clerk thereof had refused to issue execution thereon; that defendant was entitled

as an heir to an undivided one-third of certain real estate, but since the beginning of the action had attempted to dispose of the same for the purpose of preventing the collection of said indebtedness, and that, unless the said judgment be revived and made a specific lien on said real estate, plaintiff will be unable to collect the same, and therefore he is without adequate and speedy remedy at law. The prayer is that the judgment be revived and decreed a specific lien on defendant's interest in the real estate, and special execution issue for the sale thereof and general execution for any part remaining unsatisfied. To this a general equitable demurrer was interposed and sustained, and, as plaintiff elected to stand on the ruling, the petition was dismissed. From this ruling, plaintiff has appealed.—*Reversed.*

*George H. Lewis,* for appellant.

*Bowen, Bremner & Alberson,* for appellees.

Ladd, J.—Section 3955 of the Code declares that "execution may issue at any time before a judgment is barred by the statute of limitations," and section 3447 that "actions founded on a judgment of a court of record" may be brought within twenty years, but "the time during which a defendant is a nonresident of the state shall not be included in computing." Section 3451, Code. The lapse of time, then, since the rendition of judgment in 1876, interposed no impediment to the issuance of execution, for defendant had been a nonresident of the state all the time. Nor had execution been refused by any officer having authority to issue it. The demand therefor was on the clerk of the district court of Polk county, with whom the transcript of the judgment entered in the district court of Lucas county had been filed. The filing of the transcript, if timely, may create a lien on

realty, but does not operate as a judgment, and execution only can issue out of the office of the clerk of the court which rendered the judgment. *Brunk v. Moulton Bank,* 121 Iowa, 14. But the filing of the transcript thirty years after the judgment was rendered, did not effect a lien. *Hanson v. Teabout,* 104 Iowa, 360; *Albee v. Curtis,* 77 Iowa, 644. So that the defendant's interest in the lots has never been subject to the lien of this judgment, and, though plaintiff may be entitled to have his judgment revived, he was not entitled to the aid of a court of equity in the enforcement of a lien that did not, and never had, existed. *Denegre v. Haun,* 13 Iowa, 240. See *Smith v. Hogg,* 52 Ohio St. 527 (40 N. E. 406). Even though no lien existed, however (section 3801, Code), one might have been effected by the issuance and levy of execution thereon, and this perfected by sale. *Stahl v. Roost,* 34 Iowa, 475.

As defendant's interest in the land was undisputed, there was then a complete and adequate remedy at law, and the power of a court of equity might not be invoked. *Kalona Savings Bank v. Eash,* 133 Iowa, 190. This result is not obviated by any change in the form of action essential to the revival of a judgment or the rendition of a new one, for, until the entry of the order of revivor or of judgment, the lien is not re-established. *Bertram v. Waterman,* 18 Iowa, 529; *Woodward v. Woodward,* 39 S. C. 259 (17 S. E. 638, 39 Am. St. Rep. 716); *Horbach v. Smiley,* 54 Neb. 217 (74 N. W. 623). See 23 Cyc. 1400, for collection of cases. Relief by way of revivor or in an action on a judgment can not be awarded save on personal service. See *Donaldson v. Dodd,* 79 Ga. 763 (4 S. E. 157); *Betts v. Johnson,* 68 Vt. 549 (35 Atl. 489). As there was no lien on the land and no personal service on the defendant, the court acquired no jurisdiction until the filing of the demurrer to the petition. Defendant thereby appeared, and, even

though no cause for equitable relief was stated in the petition, this was ground for transfer to the law side of the calendar, and not for the dismissal of the action. Section 3432 of the Code; *Thomas v. Farley,* 76 Iowa, 735; *Riddle v. Beattie,* 77 Iowa, 168. As this was but one of several points, and apparently of little consequence to appellant, each party will pay his own costs.—*Reversed.*