WAYNE WALTERS, Appellee, v. MAE WALTERS (now MAE WALTERS JEWELL), Appellant; JESSE WALTERS, Movant, Appellee.

No. 45842.

MAY 12, 1942.

Breen, Breen & McCormick, for appellant.

A. T. Horton and Gray & Gray, for appellee, Jesse Walters.

GARFIELD, J.—On December 11, 1930, Wayne Walters as plaintiff procured a divorce from Mae Walters as defendant, in the district court of Pocahontas county. The decree, which was duly recorded, provided:

"Wherefore it is Ordered and Adjudged that the plaintiff have a divorce from the defendant and that the bonds of matrimony be and they are hereby dissolved and the defendant is given judgment that the plaintiff pay her the monthly sum of $12.00 from this date until their child Craig Walters shall become sixteen years of age and she is given the custody of the said infant; * * *."

The monthly award of $12 was pursuant to a written stipulation between the parties.

In February 1941, Wayne Walters acquired, under the will of his grandfather, an undivided half interest in 40 acres of land in Pocahontas county. On April 3, 1941, the divorced wife caused execution to issue on the purported judgment for a monthly allowance and on the same date levy was made upon Wayne's interest in the land. On April 10, 1941, Jesse Walters, Wayne's father, claiming that Wayne owed him $2,000, brought suit against his son, aided by attachment against the land. Pursuant to a settlement of the attachment suit (which appears to have been a friendly affair), on April 21, 1941, Wayne executed to his father a quitclaim deed of his interest in the land in controversy. On May 3, 1941, sheriff's sale was had under the execution issued at the instance of the divorced wife. The land was sold to her and sheriff's certificate of purchase issued.

On May 8, 1941, Jesse Walters, the father, filed this motion to set aside the sale and sheriff's certificate because "the execution was issued without authority in that the divorce decree did

not render any judgment for alimony." The trial court held that the monthly allowance in the divorce decree did not amount to a judgment which would support the issuance of an execution; that the execution and sale thereunder were therefore void and should be set aside. The divorced wife has appealed.

■ The sole question presented is whether the monthly allowance contained in the divorce decree constitutes a judgment or order upon which execution could issue. We hold that the trial court erred and that the award of monthly payments was sufficient basis for the issuance of the execution.

Section 11648, Code, 1939, provides:

"Judgments or orders requiring the payment of money, * * * are to be enforced by execution. * * *"

Code section 11567 provides:

"Every final adjudication of the rights of the parties in an action is a judgment; * * *"

The award of support money in the above-quoted portion of the divorce decree amounts to a judgment or order for the payment of money, within the meaning of these statutory provisions.

It is the general rule that where payment of alimony is to be made in installments, execution may issue to enforce payment of all past due installments. 27 C. J. S. 1061, section 265. See Hagemann v. Pinska, 225 Mo. App. 521, 37 S. W. 2d 463, 465, and citations; Raymond v. Blancgrass, 36 Mont. 449, 93 P. 648, 15 L. R. A., N. S., 976; Beesley v. Badger, 66 Utah 194, 240 P. 458. As tending to support our decision, see Wharton v. Jackson, 107 Neb. 288, 185 N. W. 428. As having some bearing, see Bennett v. Tomlinson, 206 Iowa 1075, 1078, 221 N. W. 837. Appellee, in his attack upon the execution sale, made no attempt to show that any of the monthly allowances awarded appellant had been paid, nor that the boy had become 16 years of age, his sole contention being the insufficiency of the provisions of the decree to warrant issuance of execution.

There are numerous authorities dealing with the question whether a decree for alimony payable in future installments constitutes a lien on property of the husband, if the decree does not specifically so provide. See annotation on this subject in 79

1270

A. L. R. 252. A number of cases hold that unpaid installments become a lien as they accrue. See authorities last above and also Warren v. Warren, 92 N. J. Eq. 334, 112 A. 729; Forbes v. Jennings, 124 Or. 497, 264 P. 856; 27 C. J. S. 1066, section 268. We deem it unnecessary to determine this question, however. Here appellant, because of the levy under the execution, had a lien, independent of the judgment, from April 3, 1941, the time of such levy. Mudge v. Livermore, 148 Iowa 472, 475, 123 N. W. 199; Stahl v. Roost, 34 Iowa 475; 23 C.J. 489, 490, section 334; Hawkeye Ins. Co. v. Maxwell, 119 Iowa 672, 675, 94 N. W. 207. This was before appellee caused the land to be attached and before the making of the deed under which he claims. Appellant's rights as purchaser at the execution sale were paramount to the rights of appellee which arose after the execution levy. 21 Am. Jur. 147, section 290; 23 C. J. 507, 508, section 356. Appellee, by the attachment and deed, acquired no greater rights in the land than his son had. Bain v. Ullerich, 189 Iowa 149, 154, 177 N. W. 61; Hamm Brewing Co. v. Flagstad, 182 Iowa 826, 831, 166 N. W. 289; Harshberger v. Harshberger, 26 Iowa 503, 506.

■ Appellee argues that the award of support money in the divorce decree is not a final adjudication, because of the power of the court under section 10481 to change the same if circumstances render a change expedient. The contention is without merit. It has frequently been held, in substance, notwithstanding this statute, that a decree for alimony is conclusive until subsequently made to appear by reason of changed conditions that its enforcement would result in injustice. And even where a change is made, the payments that have accrued up to that time cannot thereby be affected. Delbridge v. Sears, 179 Iowa 526, 530, 160 N. W. 218; Kell v. Kell, 179 Iowa 647, 651, 161 N. W. 634; Matson v. Matson, 186 Iowa 607, 625, 173 N. W. 127. This is the law generally. 27 C. J. S. 988, 989, section 239; 17 Am. Jur. 485, 486, section 636.

Our decision is not inconsistent with Millisack v. O'Brien, 223 Iowa 752, 273 N. W. 875, which both parties have cited. The trial court in that case excluded the idea of a judgment upon which execution could issue by striking from the decree as presented to it the words "judgment is hereby entered," and inserting in lieu thereof a direction to the clerk, in effect, to enter

judgment for any sums to become due, after default in payment, and also that plaintiff would be entitled to execution after 10 days from the entry of said judgment.

For a decree in harmony with this opinion the cause is— Reversed and remanded.

BLISS, C. J., and SAGER, MITCHELL, OLIVER, HALE, MILLER, and WENNERSTRUM, JJ., concur.